VICTOR C. PRATT, Plaintiff-Appellant, *v.* KILBORN MOTORS, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 13966

Opinion filed May 23, 1977.

REARDON, J., dissenting.

Thomas R. Daykin, of Decatur, for appellant.

Denz, Lowe, Moore, Rodgers & See, of Decatur, for appellees.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

Plaintiff Victor C. Pratt sued defendants Kilborn Motors, Inc., and John Kilborn in the Circuit Court of Macon County seeking damages for malicious prosecution. Upon defendants' motion, plaintiff's second amended complaint was dismissed in bar of action for failure to state a cause of action. Plaintiff appeals. We affirm.

The parties argue that the essential elements of the tort of malicious prosecution are as stated in *Freides v. Sani-Mode Manufacturing Co.* (1965), 33 Ill. 2d 291, 295, 211 N.E.2d 286, 288:

"(1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) its legal causation by the present defendant against plaintiff who was the defendant in the original proceeding, (3) its *bona fide* termination in favor of the present plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice, and (6) damages resulting to plaintiff. Each of these elements must be present."

Defendants maintain that the complaint was insufficient because it did not properly allege (1) that the commencement of the original judicial proceeding was legally caused by them, and (2) the absence of probable cause for the initiation of the proceeding. With reference to these issues,

the complaint stated in substance: Plaintiff purchased an automobile from defendant corporation and then returned it many times because of malfunctions. Ultimately, pursuant to assurances by that defendant's employees that all malfunctions had been repaired, plaintiff delivered to defendant corporation a check in the sum of $144.16 in payment. Plaintiff then learned that the assurances of the malfunctions having been corrected were false and stopped payment on the check. Defendant corporation through defendant Kilborn, its president, then lodged a malicious and inaccurate complaint with the staff of the county prosecutor by telling an assistant prosecutor only that plaintiff had stopped payment on the check to deprive defendants of their $144.16. The defendants did not tell the assistant about the dispute between the parties concerning the sufficiency of the repairs and made this omission in bad faith.

The complaint contained a general allegation that the statement made by the defendants to the assistant was partially untrue but later in the complaint the statement is set forth in more detail showing the statement to be a true but incomplete account of the dealing between the parties. The complaint also alleged that the incompleteness of the statement misled the prosecutor's staff into thinking that payment had been stopped by plaintiff purely to deceive defendants and that plaintiff had thereby committed a crime. The complaint then alleges that the prosecutor subsequently filed an information charging plaintiff with the offense of deceptive practices (Ill. Rev. Stat. 1973, ch. 38, par. 17—1(d)). As set forth in the motion to dismiss, that information charged plaintiff with committing the offense of deceptive practices in that, with the intent to defraud defendant corporation, and obtain control over its property, plaintiff did deliver a check for payment of money knowing that the check would not be paid by the depository.

■■ The questions of whether the defendants are alleged to have legally caused the initiation of the criminal proceeding and whether they did so without probable cause are interrelated. The question of probable cause ordinarily arises in a case where the defendant, after seeking the advice of the prosecutor and being advised by him to do so, appeared before a judicial officer and swore to a complaint charging the plaintiff with a crime. Such a case is *Brown v. Tucker* (1918), 214 Ill. App. 162, 164, where the court recited the well-accepted rule that:

> "When a prosecuting witness before beginning a case goes to a competent attorney and discloses to him in good faith all the facts and information he has as to a supposed offense as well as the source of his information, and then acts on the advice of such attorney and starts a criminal prosecution, he will be considered as having had probable cause for such prosecution, even if

afterwards the party charged is found to be not guilty of the offense charged."

There, the alleged tortious acts are the swearing to the complaint and presenting it to the judicial officer, acts which clearly cause the subsequent prosecution. If the defendant has properly obtained the prior advice of the prosecutor, he is deemed to have had probable cause to initiate the criminal prosecution and is immune from liability for doing so. Here, the alleged tortious acts were that the defendants went to the prosecutor and complained that plaintiff had given them a check and then stopped payment on it. The complaint here was sufficient to allege that at the time defendants went to the prosecutor and gave the information, they, the defendants, did not have probable cause to believe that plaintiff had committed the crime with which he was later charged.

The more difficult question is whether the complaint is sufficient to allege that defendants in complaining to the prosecutor legally caused the subsequent prosecution of the plaintiff. No Illinois case so holding has been called to our attention. In *Freides v. Sani-Mode Manufacturing Co.* the court permitted recovery against a defendant who had transmitted information to the prosecution and then appeared as a witness before the grand jury.

■■ In view of the lack of Illinois authority, we deem the Restatement of Torts to be persuasive. In discussing the elements of a cause of action for malicious prosecution, it states:

"*Comment*:

g. *Influencing a public prosecutor*. A private person who gives to a public official information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving such information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. Where a private person gives to a prosecuting officer information which he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief therein was one which a reasonable man would not entertain. The exercise of the officer's discretion makes the initiation of the prosecution of his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.

If, however, the information is known by the giver to be false, an

intelligent exercise of the officer's discretion becomes impossible and a prosecution based thereon is procured by the person giving the false information. In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated expressed by direction, request, or pressure of any kind was the determining factor in the official's decision to commence the prosecution or that the information furnished by him upon which the official acted was known to be false." Restatement of Torts, Explanatory Notes §653, comment g, at 386 (1938).

■■ The instant complaint did not allege that the defendants controlled the discretion of the prosecutor. We deem the complaint to allege that the statement made to the prosecutor's staff was true if incomplete. The commentary indicates that the giving of knowingly false information negates the officer's exercise of discretion. The commentary makes no reference to the withholding of information by the complainant. Strong argument can be made that for the complainant to give truthful information indicating the commission of the offense later charged and to withhold other information that would prevent the conduct complained of from being a crime would also negate the prosecutor's exercise of discretion. That is not alleged to have occurred here. The issuance of a check and the subsequent stopping of payment on that check by the maker is clearly insufficient to constitute a deceptive practice under section 17—1(d) of the Criminal Code which requires that the check be made with the knowledge that the drawee bank will not honor it. Under the facts alleged here, the legal cause of the prosecution is shown to be the act of the prosecutor in bringing the information on the mistaken belief that the facts stated to him by defendants constituted a deceptive practice.

The judgment dismissing the complaint is affirmed.

TRAPP, J., concurs.

Mr. JUSTICE REARDON, dissenting:

I cannot agree with the majority. In the posture in which this case comes to us all well-pleaded allegations of the complaint are presumptively true. Following that principle I conclude that the State's Attorney was intentionally misadvised by the president of the defendant corporation. Although unknown to the prosecutor there was a total want of probable cause for the issuance of the criminal process. I conclude that the criminal process issued only because the prosecutor was intentionally misadvised by Kilborn's failure to disclose to him the essential facts of his dealings with the plaintiff. We know from the pleadings that the criminal

proceeding terminated in appellant's favor and that appellant was injured. From these pleadings I am forced to conclude that malice motivated the complaint to the State's Attorney and directly occasioned the issuance of the criminal process.

Perhaps the prosecutor should have been more thorough in the ascertainment of the facts. In any event, his failure (if it was a failure) should not occasion the extension of his prosecutorial immunity to the defendants and thereby free them from responsibility for their malicious conduct.

I do not construe these facts as prosecutorial errors and am unwilling to leave the victim without a remedy.

Accordingly, I dissent.