GEORGE GEISBERGER, Plaintiff-Appellant, *v.* FRANK VELLA *et al.*, Defendants-Appellees. —(LOWELL A. GAZOUSKI *et al.*, Defendants.)

Second District No. 77-356

Opinion filed August 15, 1978.

Andres & Frew, of Rockford, for appellant.

Robert K. Clark and Robert A. Fredrickson, of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, both of Rockford, for appellees.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The plaintiff-appellant, George Geisberger, hereafter the plaintiff, filed a nine-count verified complaint for malicious prosecution against a total of nine defendants. Count I, against defendant-appellee, Frank Vella; counts II and IV, against defendant-appellee, Marshall Field & Company; count III, against defendant-appellee, Pete Bosman; and count IX, against defendant-appellee, Cherryvale Security Systems, Inc., hereafter Cherryvale Security, were all dismissed on grounds that they failed to state a cause of action. The plaintiff has appealed, contending that each of the dismissed counts pleaded sufficient facts to state a cause of action. After reviewing the record and weighing the arguments presented, we are of the opinion that the judgment of the circuit court of Winnebago County must be affirmed.

On November 30, 1974, an unknown man pulled a gun on Frank Vella, a security guard in the Marshall Field store in the Cherryvale Shopping Mall located in Cherry Valley, Illinois. The assailant escaped. Mr. Vella gave a description of his assailant to the Cherry Valley police department. The parties to this appeal agree that the plaintiff does not fit the description of the assailant given by Mr. Vella to the Cherry Valley police. Nevertheless, on December 5, 1974, defendant Lowell A. Gazouski, a Cherry Valley police officer, swore out a complaint for an arrest warrant charging the plaintiff with the aggravated assault of Frank Vella and unlawful use of weapons. The plaintiff was arrested later that same day at his home and taken to police headquarters where he was fingerprinted and photographed. On March 6, 1975, on the motion of the Winnebago County State's Attorney, the charges against the plaintiff were dismissed. The instant case was filed on September 17, 1976.

The first of the nine counts in the plaintiff's verified complaint is against Frank Vella, a security guard for Marshall Field. It alleges that Vella proximately caused and was responsible for the arrest of the plaintiff because he failed to inform the police that the plaintiff was not guilty of the charge, even though he knew that to be the case.

Count III is against Pete Bosman, Vella's immediate supervisor. It alleges Bosman is also liable because he knew Vella knew the plaintiff was not guilty and yet failed to order Vella to so inform the police.

Counts II and IV are against Marshall Field. They seek to hold the retailer vicariously liable for the actions and inactions of its two employees, Vella and Bosman. Lastly, in count IX the plaintiff seeks to recover from Cherryvale Security on the grounds that it conducted its own investigation of the incident which revealed that the plaintiff was not guilty, but failed to convey this knowledge to the police or the prosecutor.

It must be noted that nowhere in the plaintiff's nine-count verified complaint does he allege that Vella, Bosman, Marshall Field, or

Cherryvale Security, hereafter collectively referred to as the defendants, made any false statements to the police or that they directed, requested or pressured the State's Attorney to prosecute the plaintiff.

■■ Each of the five counts of the plaintiff's complaint which are before this court alleges the tort of malicious prosecution. To recover for malicious prosecution the plaintiff must plead and prove the following six elements: (1) There must have been an original criminal or civil action commenced against the present plaintiff; (2) The original action must have been legally caused by the present defendant; (3) There must have been a *bona fide* termination of the original action in the present plaintiff's favor; (4) There must have been an absence of probable cause for the original proceeding; (5) Malice must have been presented in the original action; and (6) Damages must have resulted to the present plaintiff. *Freides v. Sani-Mode Manufacturing Co.* (1965), 33 Ill. 2d 291, 211 N.E.2d 286.

■■ Our review of the record convinces us that the plaintiff has not alleged sufficient facts to attribute the legal causation of the original criminal action against the plaintiff to defendants Vella, Bosman, Marshall Field or Cherryvale Security. Having failed to properly plead an essential element of malicious prosecution in each of counts I, II, III, IV and IX, the trial court properly dismissed those counts.

Counts II, III, IV and IX all reallege paragraph 2 of count I. That paragraph reads as follows:

"On said 5th day of December, 1974, a warrant was wrongfully caused to be issued upon the sworn complaint of one LOWELL A. GAZOUSKI commanding the arrest of the Plaintiff for the crimes of Unlawful Use of Weapons and Aggravated Assault, such crimes alleged to have been committed on the 30th day of November, 1974."

Thus, it becomes abundantly clear from the plaintiff's own verified complaint that the criminal proceedings against him were not instituted by any of the defendants but instead were instituted by Lowell A. Gazouski, a Cherry Valley police officer.

■■ The question now becomes whether it is possible to attribute the actions of Officer Gazouski, be they proper or improper, to any of the defendants. Such an attribution would require a showing that a defendant requested, directed, or pressured the officer into swearing out the complaint for the plaintiff's arrest or that one of the defendants knowingly gave false information to the police. *Pratt v. Kilborn Motors, Inc.* (1977), 48 Ill. App. 3d 932, 363 N.E.2d 452.

Nowhere in his verified complaint does the plaintiff allege any of the defendants knowingly made false statements to the police. Indeed, the plaintiff alleges the defendants knew or had imputed knowledge that the

plaintiff did not fit the description of the assailant given to the police by Frank Vella, thereby indirectly giving credence to that description. Furthermore, the plaintiff does not allege that any of the defendants directed, requested or pressured Officer Gazouski or any other official to proceed against the plaintiff.

The plaintiff proceeded on the theory that the defendants "maintained" the criminal action against the plaintiff by not going to the prosecutor with the information that showed the plaintiff was innocent. In support of that position, he has cited *Carbaugh v. Peat* (1963), 40 Ill. App. 2d 37, 189 N.E.2d 14, and *Campbell v. Yellow Cab* (3d Cir. 1943), 137 F.2d 918. We find the plaintiff's reliance upon these authorities to be misplaced. In *Carbaugh*, the defendant signed the complaint leading to the plaintiff's arrest, and in *Campbell*, an agent of Yellow Cab had requested that Campbell be detained for further prosecution. In the case at hand, no such action was taken by any defendant.

■■■ The underlying rationale of the plaintiff's complaint appears to be an attempt to impose some affirmative duty on these defendants to somehow correct the errors made by the Cherry Valley police. The plaintiff has cited no authority for such a theory, and we know of none. Furthermore, we find such theory to be repugnant to public policy. It is the public policy of this and all other States to encourage public cooperation with law enforcement officials. We can think of few things that would deter such cooperation more than the possibility of imposing liability upon a citizen who merely honestly cooperated with the police. It is the civic duty of every citizen to fully inform the police of any and all details he or she might know of a crime and to be prepared to testify honestly as to those facts at the trial of an alleged offender. A citizen has no duty to watch over the police to insure that they do not misapply or misinterpret the information that he or she has honestly given them. In the case at hand, there is no allegation that any of the defendants did anything other than honestly cooperate with the police. They owed no one any further duty.

For the above stated reasons, we affirm the judgment of the circuit court of Winnebago County.

Judgment affirmed.

WOODWARD and GUILD, JJ., concur.