ROBERT RANDALL, Plaintiff-Appellant, v. FRED LEMKE, Defendant-Appellee.

Second District   No. 2—99—0595

Opinion filed March 10, 2000.

Thaddeus M. Bond, Jr., of Law Offices of Thaddeus M. Bond, Jr. & Associates, of Waukegan, for appellant.

Douglas R. Roberts, of Law Offices of Douglas R. Roberts & Associates, P.C., of Waukegan, for appellee.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Robert Randall, appeals two orders of the circuit court of Lake County: (1) its dismissal of his first amended complaint against defendant, Fred Lemke; and (2) its quashing of his subpoena. He argues that (1) his complaint stated valid claims of malicious prosecution and false imprisonment; and (2) his subpoena requested relevant evidence. We affirm.

Plaintiff filed his first amended complaint on February 18, 1999. In count I, he asserted a claim of malicious prosecution. He alleged that, on February 1, 1998, defendant called the police and "falsely" reported that plaintiff was in his vehicle with a gun. For that reason alone, a police officer pulled over and arrested plaintiff. Plaintiff did not have a gun at the time. Charges were filed but dismissed for lack of probable cause. Defendant acted "willfully, wantonly, and with blatant disregard for" plaintiff's rights. Plaintiff suffered damages of more than $50,000.

Count II contained plaintiff's claim of false imprisonment. There he made the same allegations, with the following addition: "For the sole reason of the aforesaid actions of Defendant, Plaintiff was arrested and imprisoned against his will for charges unrelated to possession of a weapon."

On February 24, 1999, plaintiff issued a subpoena seeking the production of certain records of defendant's telephone calls.

Pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1998)), defendant moved to dismiss plaintiff's complaint. His argument was based partly upon the fact that plaintiff was arrested for and charged with offenses unrelated to defendant's alleged report to the police. Defendant also moved to quash plaintiff's subpoena.

The trial court granted both motions, stating in its written orders: "[Plaintiff] was arrested on Feb. 1, 1998 *** and was charged with No Headlights [court file number], DUI [court file number] and other traffic offenses and was not charged with any weapons offenses." Plaintiff appealed those orders.

A section 2—615 motion to dismiss attacks the legal sufficiency of a complaint. It presents the question whether the complaint's allegations, viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. A claim may not be dismissed on the pleadings unless no set of facts may be proved that will entitle the plaintiff to recover. Our review of an order of dismissal is *de novo. Abbasi v. Paraskevoulakos*, 187 Ill. 2d 386, 391 (1999).

■ To state a claim of malicious prosecution, a plaintiff must allege facts showing: (1) the defendant's commencement or continuation of an original criminal or civil proceeding; (2) the termination of the proceeding in the plaintiff's favor; (3) the absence of probable cause for the proceeding; (4) the defendant's malice; and (5) the plaintiff's damages. *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996). We conclude that plaintiff failed to state a valid claim.

■ The commencement of a criminal proceeding is the filing of a complaint, an information, or an indictment. 725 ILCS 5/111—1 (West 1998). Thus, some official action is required; a citizen does not commence a prosecution when he merely gives false information to the proper authorities. *Mulligan v. Village of Bradley*, 131 Ill. App. 3d 513, 516 (1985). On the other hand, when a citizen *knowingly* gives false information to a police officer, who then swears out a complaint, the officer's action may be attributed to the citizen. *Geisberger v. Vella*, 62 Ill. App. 3d 941, 943 (1978).

Here, plaintiff alleged that charges were filed against him, fairly stating that a prosecution was commenced. He also alleged that defendant instigated the prosecution by "willfully" and "wantonly" making a "false report" to the police. Viewed in the light most favorable to plaintiff, this allegation conveys that defendant knowingly gave false information.

However, as plaintiff concedes in his reply brief, a fair reading of his complaint establishes that the charges filed against him had nothing to do with the information that defendant allegedly reported to the police. Defendant allegedly reported that plaintiff was carrying a gun, but plaintiff was charged only with unrelated offenses. Under these circumstances, could defendant have "commenced" the prosecution of plaintiff? Although we have found no Illinois case on point, we answer the question in the negative.

■ In the absence of Illinois authority, we deem persuasive the Restatement (Second) of Torts. See *Pratt v. Kilborn Motors, Inc.*, 48 Ill. App. 3d 932, 935 (1977). Section 653, comment *g* states, in relevant part:

> "When a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not [subject to liability for malicious prosecution]. The exercise of the officer's discretion makes the initiation of the prosecution his own and protects [the informer] from liability ***.
>
> If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution *based upon it* is procured by the person giving the false information." (Emphasis added.) Restatement (Second) of Torts § 653, Comment *g*, at 409 (1977).

This comment makes clear that, when an informer knowingly gives false information to a prosecuting officer, he commences the prosecution only if the prosecution is "based upon" the false information. If the officer relies upon the informer's report, the informer interferes with the officer's intelligent exercise of discretion, and the informer may be subject to liability. If, however, the prosecution is based upon separate information, the informer does not affect the officer's discretion, and the officer alone is responsible for the prosecution. We believe that this rule is sound, and we adopt it here.

■ We note the possibility that, but for defendant's alleged report, the police would not have investigated plaintiff, and plaintiff would not have been prosecuted. Nevertheless, the prosecution was not "based upon" defendant's report. Instead, the prosecution was based upon information that the police apparently gathered independently. Thus, defendant's report did not encumber the decision to prosecute. Defendant did not commence the prosecution of plaintiff, and he may not be held liable for malicious prosecution. On this basis, we affirm the trial court's dismissal of count I of plaintiff's complaint.

■ We turn now to count II. To state a claim of false imprison-

ment, a plaintiff must allege that the defendant caused or procured a restraint of the plaintiff without reasonable grounds to believe that the plaintiff was committing an offense. *Dutton v. Roo-Mac, Inc.*, 100 Ill. App. 3d 116, 120 (1981). Plaintiff alleged that he was so restrained when the police "arrested and imprisoned [him] against his will." It is true that, when a police officer makes a false arrest, a plaintiff may recover against a private defendant who supplied information to that police officer. However, the private defendant is subject to liability only if he either (1) directed the officer to arrest the plaintiff; or (2) procured the arrest by giving information that was the sole basis for the arrest. *Odorizzi v. A.O. Smith Corp.*, 452 F.2d 229, 231 (7th Cir. 1971) (and cases cited therein). Plaintiff failed to make either allegation here.

■ Plaintiff did not allege that defendant directed the police to arrest him; he alleged only that defendant reported false information to the police. Unless the information is the sole basis for the arrest, an informer's mere conveyance of information to the police does not support a claim of false imprisonment. *Odorizzi*, 452 F.2d at 231-32 (and cases cited therein); *Dutton*, 100 Ill. App. 3d at 119-20.

Furthermore, the complaint establishes that defendant's alleged report was not the sole basis for plaintiff's arrest. Again, plaintiff alleged that, "[f]or the sole reason of the aforesaid actions of Defendant, Plaintiff was arrested and imprisoned against his will for charges *unrelated* to possession of a weapon." (Emphasis added.) This statement clearly conveys that, but for defendant's act, plaintiff would not have been arrested. However, because plaintiff was arrested on charges *unrelated* to the one of which defendant accused him, defendant's accusation could not have been the sole basis for the arrest. Therefore, plaintiff did not allege that defendant "caused or procured" his restraint, and defendant may not be held liable for false imprisonment. On this basis, we affirm the trial court's dismissal of count II of plaintiff's complaint.

■ Finally, plaintiff contends that, because his subpoena sought the production of evidence relevant to his claims, it should not have been quashed. Because we affirm the dismissal of his claims, we affirm the quashing of his subpoena.

For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and GALASSO, JJ., concur.