ALPHONSO RODGERS, Plaintiff-Appellant, v. PEOPLES GAS, LIGHT AND COKE COMPANY *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—97—0867

Opinion filed June 30, 2000.

Law Offices of Herbert H. Victor, of Chicago (Herbert H. Victor, of counsel), for appellant.

Hopkins-Sutter, of Chicago (Mary Kay McCalla Martire, of counsel), for appellee Peoples Gas, Light & Coke Company.

Gene Armstrong & Associates, of Chicago (Jon A. Duncan, of counsel), for appellee Willie Suggs.

Sidley & Austin, of Chicago (Mark B. Blocker, of counsel), for appellees Special Operations Associates, Inc. and Thomas Sheehan.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, Alphonso Rodgers, instituted this action for malicious prosecution, civil conspiracy, wrongful discharge, and breach of his employment contract. In addition, plaintiff asserted claims based upon violations of the Racketeer Influenced and Corrupt Organizations Act (RICO Act) (18 U.S.C. §§ 1962, 1964 (1994)). The trial court dismissed several of plaintiff's claims with prejudice and entered summary judgment in favor of defendants on the remaining counts. On appeal, plaintiff contends that the trial court erred in disposing of his various claims for relief.

Plaintiff's complaint, as ultimately amended, consisted of seven counts. Counts I and II alleged that defendants were liable for malicious prosecution, and counts III and IV asserted claims for civil conspiracy. Count V alleged that plaintiff's former employer, Peoples Gas, Light & Coke Company (hereinafter Peoples Gas), was liable for wrongful discharge. Count VI asserted violations of the RICO Act, and count VII alleged that Peoples Gas was liable for breach of plaintiff's employment contract.

In support of his various claims, plaintiff alleged that, prior to his

termination, he had been employed by Peoples Gas for 22 years and had been promoted to a management position in 1980. During 1988, Peoples Gas contracted with a private detective agency, Special Operations Associates (hereinafter SOA), to conduct an investigation of Peoples Gas employees who were suspected of being involved in computer fraud. In addition, Peoples Gas desired to terminate the employment of certain management employees and actively sought a means by which to accomplish that objective.

Plaintiff alleged that he was one of the employees targeted by Peoples Gas for investigation by SOA. Defendants Willie Suggs, Thomas J. Sheehan and James Manning were investigators for SOA and were acting within the scope of their employment during the course of their investigation of Peoples Gas employees. Defendant James Manning was also employed by the office of the Cook County State's Attorney. According to the complaint, the SOA investigators proceeded with the computer-fraud investigation but could not find any evidence that plaintiff had engaged in any fraudulent conduct against Peoples Gas. When SOA informed Peoples Gas of this fact, Peoples Gas instructed the SOA investigators to fabricate or manufacture a crime to implicate plaintiff so that Peoples Gas would have cause to terminate his employment.

Plaintiff further asserted that defendants then commenced a conspiracy to manufacture a crime implicating the plaintiff and to provide false information to the office of the Cook County State's Attorney so plaintiff would be prosecuted, giving Peoples Gas cause to fire him. According to the complaint, the conspiracy was controlled by SOA and Peoples Gas and was implemented by defendants Suggs, Sheehan, and Manning, who set up and fabricated a delivery of narcotics by plaintiff. In furtherance of this conspiracy and under the direction of Sheehan, SOA, and Peoples Gas, defendant Suggs caused a package to be delivered to defendant Manning by plaintiff, without plaintiff knowing that the package contained narcotics.

Plaintiff's complaint further alleged that, as part of the conspiracy, defendants SOA, Suggs, Manning, and Sheehan collected and manufactured false testimony and evidence and presented it before a grand jury. In September 1988, defendant Manning gave false testimony before the grand jury, which caused plaintiff to be indicted on two counts of delivery of a controlled substance. Defendant Peoples Gas was aware of and participated in the conspiracy. After the indictment, Peoples Gas fired plaintiff from his position and placed false information in his personnel file concerning his alleged criminal involvement. In addition, plaintiff asserted that all defendants continued to conspire together to provide false information to the State's Attorney's

office while the case was pending and provided false testimony before the trial court.

Plaintiff alleged that, at the conclusion of the criminal prosecution, the trial court found him not guilty of all charges and found that the defendants lacked probable cause to have plaintiff prosecuted for a fabricated criminal act. Plaintiff asserted that the defendants acted with malice.

Counts II through VI of the plaintiff's complaint were dismissed with prejudice. The trial court also dismissed count I as to three defendants and entered summary judgment in favor of the remaining two defendants on this count. Summary judgment was entered on count VII in favor of defendant Peoples Gas and against plaintiff. Plaintiff appeals these rulings by the trial court.

We initially address plaintiff's claim that the trial court erred in dismissing with prejudice his claims for malicious prosecution contained in counts I and II of the complaint.

When determining the legal sufficiency of a complaint under section 2—615 of the Code of Civil Procedure, all well-pled facts are taken as true, and all reasonable inferences from those facts are drawn in favor of the plaintiff. 735 ILCS 5/2—615 (West 1996); *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 490, 675 N.E.2d 584 (1996). The court must determine whether the allegations in the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Abbasi v. Paraskevoulakos*, 187 Ill. 2d 386, 391, 718 N.E.2d 181 (1999); *People ex rel. Sklodowski v. State*, 182 Ill. 2d 220, 227-28, 695 N.E.2d 374 (1998); *Vernon v. Schuster*, 179 Ill. 2d 338, 344, 688 N.E.2d 1172 (1997). A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. *Vernon*, 179 Ill. 2d at 344; *Gouge v. Central Illinois Public Service Co.*, 144 Ill. 2d 535, 542, 582 N.E.2d 108 (1991). Since the question of whether a complaint states a cause of action is one of law, our review of a trial court's decision on a section 2—615 motion to dismiss is *de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993).

In Illinois, suits for malicious prosecution are not favored. *Joiner v. Benton Community Bank*, 82 Ill. 2d 40, 44 (1980); *Schwartz v. Schwartz*, 366 Ill. 247, 250, 8 N.E.2d 668 (1937); *Shedd v. Patterson*, 302 Ill. 355, 359-60, 134 N.E. 705 (1922). Public policy favors the exposure of crime, and the cooperation of citizens possessing knowledge thereof is essential to effective implementation of that policy. *Joiner*, 82 Ill. 2d at 44. Persons acting in good faith who have probable cause to believe crimes have been committed should not be deterred

from reporting them by the fear of unfounded suits by those accused. *Swick v. Liautaud*, 169 Ill. 2d 504, 513, 662 N.E.2d 1238 (1996), quoting *Joiner*, 82 Ill. 2d at 44.

■ To state a claim of malicious prosecution, a plaintiff must allege facts showing (1) the commencement or continuance of a civil or criminal judicial proceeding by the defendant, (2) the termination of the proceeding in the plaintiff's favor, (3) the absence of probable cause for the proceeding, (4) the presence of malice, and (5) damages to the plaintiff resulting from the commencement or continuance of that proceeding. *Swick v. Liautaud*, 169 Ill. 2d 504, 512, 662 N.E.2d 1238 (1996); *Joiner v. Benton Community Bank*, 82 Ill. 2d 40, 45, 411 N.E.2d 229 (1980).

■ The commencement of a criminal proceeding is the filing of a complaint, an information, or an indictment. 725 ILCS 5/111—1 (West 1998). Thus, some official action is required; a citizen does not commence a prosecution when he merely gives false information to the proper authorities. *Mulligan v. Village of Bradley*, 131 Ill. App. 3d 513, 516, 475 N.E.2d 1029 (1985). However, when a citizen knowingly gives false information to a police officer, who then swears out a complaint, the officer's action may be attributed to the citizen. *Geisberger v. Vella*, 62 Ill. App. 3d 941, 943, 379 N.E.2d 947 (1978).

In the instant case, the plaintiff's complaint specifically alleged that defendants did not have an honest suspicion regarding plaintiff's guilt and they were not acting in good faith where defendants knowingly provided false information to the State's Attorney's office and to the grand jury, which resulted in his indictment. Plaintiff asserted that the actions of the defendants caused the commencement of a criminal judicial proceeding against him and caused him to be prosecuted on two counts of delivery of a controlled substance. Plaintiff further alleged that he was acquitted of those charges by the trial court and that defendants lacked probable cause for the criminal proceeding where they intentionally caused him to deliver a package containing a controlled substance without his knowledge of the contents of the package. The complaint asserted that the defendants acted with malice in that they desired to fabricate a crime which would provide Peoples Gas grounds to terminate plaintiff's employment. Finally, plaintiff alleged that he had suffered damages resulting from the commencement or continuance of the criminal proceeding where his employment was terminated, he suffered lost wages and benefits, and he was forced to accept employment for the minimum wage.

■ In ruling on the motion to dismiss, the trial court was obliged to determine whether the allegations in the complaint, when viewed in the light most favorable to the plaintiff, were sufficient to state a

cause of action upon which relief could be granted. All well-pled facts must be taken as true, and all reasonable inferences from those facts must be drawn in favor of the plaintiff. 735 ILCS 5/2—615 (West 1996); *Connick*, 174 Ill. 2d at 490. We conclude that the factual assertions contained in plaintiff's complaint were sufficient to support each of the elements necessary to plead an action for malicious prosecution. We hold, therefore, that the trial court erred in dismissing these claims with prejudice.[1]

We next consider whether the court erred in granting summary judgment in favor of defendants Manning and Suggs on plaintiff's claim for malicious prosecution in count I.

As with a motion to dismiss, the standard of review of a summary judgment ruling is *de novo*. *McNamee v. State*, 173 Ill. 2d 433, 438, 672 N.E.2d 1159 (1996). Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions and admissions on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1996); *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992). Where no factual issues are raised on appeal, the sole question on review is whether the trial court's entry of summary judgment is proper as a matter of law. *McNamee*, 173 Ill. 2d at 438.

■ Defendant Manning's motion for summary judgment was predicated, in part, upon the plaintiff's failure to bring his cause of action within the one-year limitations period provided for asserting claims against public employees. See 745 ILCS 10/8—101 (West 1996). Manning's motion was supported, *inter alia*, by his sworn deposition testimony in which he stated that, during the relevant time period, he was employed by the office of the Cook County State's Attorney and worked for that office exclusively. Manning denied that he was employed as a private agent for SOA while investigating alleged criminal activity by employees of Peoples Gas. Our review of the record reveals that plaintiff has failed to present any competent evidence

---

[1]We reject the argument that plaintiff's claim for malicious prosecution against Peoples Gas is barred by the Workers' Compensation Act (820 ILCS 305/5(a) (West 1992 & West Supp. 1997)). Claims of malicious prosecution are barred against an employer only where the employee cannot establish that the employer itself committed or authorized an intentional tort against him. Here, plaintiff has asserted that Peoples Gas authorized, orchestrated, and committed the wrongful acts which resulted in his criminal prosecution. These factual allegations were sufficient to state a claim for malicious prosecution and raised a question of fact as to the liability of Peoples Gas.

to rebut the sworn testimony of Manning regarding his employment status or capacity as an undercover investigator for the State's Attorney.

While a plaintiff need not prove his case during summary judgment proceedings, he must present some evidentiary facts to support the elements of his cause of action. *Benamon v. Soo Line R.R. Co.*, 294 Ill. App. 3d 85, 87, 689 N.E.2d 366 (1997). Here, the plaintiff has not presented any evidentiary facts indicating that, while Manning was engaged in the investigation and prosecution of the plaintiff, he was acting as an employee and agent of SOA. Based upon the plaintiff's failure to present such evidence, we hold that the record establishes that Manning was entitled to judgment as a matter of law where the plaintiff's action was not commenced within the applicable limitations period. We recognize that the trial court relied upon other grounds in entering summary judgment in favor of Manning. However, a court of review may affirm the judgment of the circuit court on any grounds appearing in the record. Accordingly, because plaintiff's claims against defendant Manning were not timely filed, they are barred, and the summary judgment entered in Manning's favor is affirmed.

As to the summary judgment entered in favor of defendant Suggs, it is undisputed that criminal proceedings were commenced against plaintiff, that he was acquitted of the charges, and that he has suffered damages. At issue here are the trial court's rulings that defendant Suggs was entitled to judgment as a matter of law because plaintiff had not established that (1) Suggs lacked probable cause to bring the criminal prosecution, (2) that Suggs acted with malice, and (3) the actions of Suggs caused the institution of the criminal proceedings against the plaintiff.

■ Probable cause has been defined in a malicious prosecution case involving criminal proceedings as a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged. *Knox County v. Midland Coal Co.*, 265 Ill. App. 3d 782, 787, 640 N.E.2d 4 (1994); *Burghardt v. Remiyac*, 207 Ill. App. 3d 402, 405, 565 N.E.2d 1049 (1991). It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, that is at issue. *Burghardt*, 207 Ill. App. 3d at 405-06; *Robinson v. Econ-O-Corporation, Inc.*, 62 Ill. App. 3d 958, 960, 379 N.E.2d 923 (1978).

■ Liability for malicious criminal prosecution is not confined to situations where the defendant signed a complaint against the plaintiff. Rather, liability extends to all persons who played a significant role in causing the prosecution of the plaintiff, provided all of the

elements of the tort are present. *Frye v. O'Neill*, 166 Ill. App. 3d 963, 975, 520 N.E.2d 1233 (1988); 54 C.J.S. Malicious Prosecution §§ 18, 19 (1987). As noted above, when a citizen knowingly gives false information to a police officer, who then swears out a complaint, the officer's action may be attributed to the citizen. *Geisberger*, 62 Ill. App. 3d at 943.

■ Malice is defined as the initiation of a prosecution for any reason other than to bring a party to justice. *Mack v. First Security Bank*, 158 Ill. App. 3d 497, 501, 511 N.E.2d 714 (1987). Lack of probable cause does not itself establish malice, but the trier of fact may infer malice from lack of probable cause if there is no other credible evidence which refutes that inference. *Frye v. O'Neill*, 166 Ill. App. 3d 963, 977, 520 N.E.2d 1233 (1988), quoting *Harpham v. Whitney*, 77 Ill. 32, 38-39 (1875). Malice, as an element of malicious prosecution, is proved by showing that the prosecutor was actuated by improper motives. *Swick*, 169 Ill. 2d at 524 (McMorrow, J., specially concurring); *Glenn v. Lawrence*, 280 Ill. 581, 586, 117 N.E. 757 (1917).

■ In the case at bar, the record indicates that plaintiff was acquitted of the criminal narcotics charges based upon the defense of entrapment. The plaintiff's admission that he delivered a package that he assumed contained a controlled substance was insufficient to prove his guilt in the criminal proceedings. Plaintiff's acquittal was premised upon evidence that he was improperly induced to commit the offense and that he lacked the predisposition to commit the crime. See 720 ILCS 5/7—12 (West 1996); *People v. Placek*, 292 Ill. App. 3d 521, 526, 685 N.E.2d 1002 (1997). Contrary to Suggs' argument, this was, indeed, a termination of the criminal proceedings that was indicative of plaintiff's innocence.

Moreover, the record indicates that all of the defendants were well aware of the entrapment. In fact, according to plaintiff, the scheme to entrap plaintiff into the delivery of narcotics was deliberately contrived by defendants in order to manufacture grounds upon which Peoples Gas could rely to terminate his employment. Defendants Suggs and Manning, acting at the direction of Peoples Gas and SOA, orchestrated the plan to entrap plaintiff into committing the offense. Thus, at the time the criminal prosecution was commenced, defendants were not acting in good faith and did not have probable cause to believe that plaintiff had committed a criminal offense. See *Joiner*, 82 Ill. 2d at 44. Indeed, this evidence would establish that the defendants were instrumental in instituting and pursuing the criminal prosecution of the plaintiff for wrongful purposes and were acting out of malice for the plaintiff.

Based upon the record before us, we hold that a question of fact

existed as to whether defendant Suggs acted with malice and without probable cause to bring the narcotics charges, and whether his actions caused the institution of the criminal proceedings against the plaintiff. Accordingly, we hold that the trial court erred in finding, as a matter of law, that Suggs was not liable for malicious prosecution, and we reverse the entry of summary judgment in his favor.

Plaintiff also challenges the trial court's dismissal with prejudice of his claims for civil conspiracy asserted in counts III and IV. We review the dismissal of these counts *de novo* (*Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116); all well-pled facts are taken as true, and all reasonable inferences from those facts are drawn in favor of the plaintiff. *Connick*, 174 Ill. 2d at 490.

A civil conspiracy giving rise to a cause of action in Illinois involves a combination of two or more persons for the purpose of accomplishing, through concerted action, either an illegal object or a legal object by an illegal means. *Dymek v. Nyquist*, 128 Ill. App. 3d 859, 866, 469 N.E.2d 659 (1984); *Daley v. G'Sell*, 102 Ill. App. 3d 548, 553, 430 N.E.2d 556 (1981); *Bau v. Sobut*, 50 Ill. App. 3d 732, 738, 365 N.E.2d 724 (1977). The basis of the conspiracy is not the "combination," but the wrongful act alleged to have been done in pursuance of the agreement that may result in liability. *Dymek*, 128 Ill. App. 3d at 866; *Daley*, 102 Ill. App. 3d at 553; *Goetz v. Avildsen Tool & Machines, Inc.*, 82 Ill. App. 3d 1054, 1062-63, 403 N.E.2d 555 (1980).

The conspiracy may be inferred if parties pursue the same object by common means, one performing one part and another performing another part. *Forkin v. Cole*, 192 Ill. App. 3d 409, 427, 548 N.E.2d 795 (1989).

In our opinion, the factual assertions contained in counts III and IV are adequate to allege that wrongful acts by the defendants resulted from a concerted action. As we have noted, plaintiff specifically alleged that the defendants combined to implement a scheme whereby plaintiff would be improperly induced to commit a criminal act, which, in turn, would provide adequate grounds for the termination of his employment by Peoples Gas. We hold that the factual allegations in the complaint were sufficient to state a cause of action for a civil conspiracy, and we have previously held that the complaint adequately states a claim for the underlying tort of malicious prosecution. Accordingly, the trial court erred in dismissing counts III and IV with prejudice.

Plaintiff also claims that the trial court committed reversible error in dismissing with prejudice his claim against Peoples Gas for wrongful discharge.

As with the dismissal of counts I through IV, we review the trial

court's decision *de novo* (*Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116); all well-pled facts are taken as true, and all reasonable inferences from those facts are drawn in favor of the plaintiff. *Connick*, 174 Ill. 2d at 490.

Under Illinois law, an employee at will may be discharged with or without cause and for good reason, bad reason, or no reason. *Price v. Carmack Datsun, Inc.*, 109 Ill. 2d 65, 67, 485 N.E.2d 359 (1985); *Palmateer v. International Harvester Co.*, 85 Ill. 2d 124, 128-29, 421 N.E.2d 876 (1981); *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 181, 384 N.E.2d 353 (1978). Such a terminated employee has a "wrongful discharge" claim only if the reason for his discharge violates "clearly mandated public policy." *Price*, 109 Ill. 2d at 67. In order to be a subject of public policy, as opposed to a purely personal matter, a matter must strike at the heart of a citizen's social rights, duties and responsibilities. *Palmateer*, 85 Ill. 2d at 130.

In the instant case, plaintiff alleged that Peoples Gas sought a means to remove certain management employees from their work force and had targeted the plaintiff, who held a management position. Plaintiff further alleged that Peoples Gas attempted, through the efforts of SOA, Suggs, Manning, and Sheehan, to find some indication or evidence that plaintiff was involved in computer fraud or other illegal activity. However, those efforts proved fruitless. As a consequence, Peoples Gas devised a scheme whereby a crime implicating the plaintiff was fabricated to provide grounds for the termination of plaintiff's employment. Notwithstanding plaintiff's repeated refusals and efforts not to become involved in this scheme, plaintiff eventually acquiesced in the defendants' requests, resulting in his indictment and prosecution. Plaintiff was placed on a lay-off status and his employment was subsequently terminated.

The complaint alleged that the reason for plaintiff's discharge was his participation in a crime that had been improperly induced by the defendants. These assertions establish that the reason for his discharge violates clearly mandated public policy in that it strikes at the heart of the plaintiff's right to continue his employment without being forced or otherwise coerced into committing criminal acts. We hold that the allegations in the complaint were sufficient to plead a cause of action for wrongful discharge, and the trial court erred in dismissing count V with prejudice.

We next address plaintiff's argument that the court erred in dismissing with prejudice his claim predicated upon violations of the RICO Act.

In order to assert a civil claim for violations of the RICO Act, a plaintiff must allege that (1) the defendants participated in the

operation or management (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 87 L. Ed. 2d 346, 358-59, 105 S. Ct. 3275, 3285 (1985). An "enterprise" is an entity composed of a group of persons associated together for a common purpose. *United States v. Turkette*, 452 U.S. 576, 583, 69 L. Ed. 2d 246, 254, 101 S. Ct. 2524, 2528-29 (1981). An enterprise must be an ongoing entity or association that is distinct from the alleged pattern of racketeering activity. *Haroco, Inc. v. American National Bank & Trust Co.*, 747 F.2d 384, 401-02 (7th Cir. 1984).

■ Upon careful review of the allegations contained in plaintiff's complaint, we find that the trial court correctly determined that he had not alleged the existence of an enterprise that is distinct from the alleged pattern of racketeering activity. Consequently, the dismissal with prejudice of plaintiff's RICO claims must be affirmed.

■ Finally, we consider plaintiff's assertion that the court erred in granting summary judgment in favor of Peoples Gas on his claim for breach of his employment agreement.

We review the grant of summary judgment *de novo*. *McNamee*, 173 Ill. 2d 438.

In count VII, plaintiff sought recovery for a termination allowance provided for in the employee benefit plan that was encompassed by plaintiff's employment agreement. To state a cause of action for breach of contract, a plaintiff must allege the existence of a contract, performance of all conditions to be performed by the plaintiff, breach by the defendant, and damages to plaintiff as a consequence thereof. *Sutherland v. Illinois Bell*, 254 Ill. App. 3d 983, 993, 627 N.E.2d 145 (1993); *Berg & Associates, Inc. v. Nelsen Steel & Wire Co.*, 221 Ill. App. 3d 526, 534, 580 N.E.2d 1198 (1991); *Perlman v. Westin Hotel Co.*, 154 Ill. App. 3d 346, 353, 506 N.E.2d 1318 (1987).

Count VII of plaintiff's complaint alleged that, in accordance with the terms of his employment agreement, he was entitled to payment of a termination allowance and that he had fully complied with all of the conditions precedent set forth in the employment contract. Plaintiff further alleged that Peoples Gas had breached that contract by refusing to pay plaintiff the termination allowance specified therein and that plaintiff had suffered damages thereby. Peoples Gas moved for summary judgment on this count, asserting that it was entitled to judgment as a matter of law based upon evidence that plaintiff had been discharged for cause and was, therefore, not contractually entitled to the termination allowance.

Based upon the record before us, we conclude that Peoples Gas was not entitled to judgment as a matter of law. As noted above, the record includes at least some evidence that Peoples Gas acted in

concert with the other defendants to devise a scheme to entrap plaintiff into the delivery of narcotics in order to manufacture grounds upon which Peoples Gas could rely to terminate his employment. This plan worked to improperly induce the plaintiff to commit the crimes charged. We conclude that this record presents a question of fact as to whether plaintiff was actually discharged "for cause." In light of this question of fact regarding plaintiff's entitlement to the employment contract's termination allowance, we hold that the entry of summary judgment in favor of Peoples Gas on count VII was improper and must be reversed.

For the foregoing reasons, the entry of summary judgment in favor of defendant Manning is affirmed. As to the remaining defendants, the dismissal with prejudice of counts I, II, III, IV, and V is reversed. The entry of summary judgment in favor of defendant Suggs on count I is reversed. The entry of summary judgment in favor of Peoples Gas on count VII is reversed. The dismissal with prejudice of count VI is affirmed, and the cause is remanded for further proceedings.

Affirmed in part, reversed in part, and remanded.

CAMPBELL and BUCKLEY, JJ., concur.