DAVID ALLEN, Plaintiff-Appellant, v. ANDREW BERGER *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—00—2676

Opinion filed December 31, 2002.

Cristofer E. Lord, of Chicago, and Bruce Rose, of Westchester, for appellant.

Sheldon Davidson and Kimberly J. Stone, both of Pedersen & Houpt, of Chicago, for appellee Andrew Berger.

Brad S. Grayson and Lee E. Farbman, both of Schwartz & Freeman, of Chicago, for appellee Thomas Wolf.

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff David Allen and his former business partners, defendants Andrew Berger and Thomas Wolf, were jointly indicted by a federal grand jury for engaging in bribery and competitive bid rigging in order to obtain supply contracts with the Chicago Housing Authority. Berger and Wolf pled guilty; however, the charges against Allen were dismissed. Allen then sued Berger and Wolf for malicious prosecution and conspiracy to maliciously prosecute, contending they had knowingly made false accusations against Allen after he alerted federal authorities to their criminal activity. Berger and Wolf moved to dismiss Allen's action pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1998)). Both defendants argued that they were not the cause of Allen's prosecution because they had merely provided information in an ongoing investigation. Berger and Wolf further argued that merely testifying, even falsely, does not satisfy the causation element of a malicious prosecution claim. The motion to dismiss was granted. On appeal, Allen contends the trial court misapplied the relevant legal principles. Allen argues that he sufficiently alleged the element of causation when he indicated that Berger and Wolf knowingly made false accusations against Allen in statements to the Federal Bureau of Investigation and United States Attorney, statements that were subsequently repeated before the federal grand jury which indicted the former partners. For the reasons that follow, we reverse.

■ A section 2—615 motion to dismiss attacks the legal sufficiency of a complaint and questions whether the allegations, viewed in a light

most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 345, 733 N.E.2d 835, 840 (2000). All well-pled facts are taken as true and all reasonable inferences from those facts are drawn in favor of the plaintiff. *Rodgers*, 315 Ill. App. 3d at 345, 733 N.E.2d at 840. "A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover." *Rodgers*, 315 Ill. App. 3d at 345, 733 N.E.2d at 840. The question of whether a complaint states a cause of action is a question of law; therefore, we review Allen's complaint *de novo*. *Rodgers*, 315 Ill. App. 3d at 345, 733 N.E.2d at 840.

■ To state a claim for malicious prosecution, Allen was required to allege facts showing (1) commencement or continuation of a judicial proceeding by the defendants, (2) termination of the prosecution in Allen's favor in a manner indicative of Allen's innocence, (3) the absence of probable cause for the proceeding, (4) the presence of malice, and (5) resulting damages. *Swick v. Liautaud*, 169 Ill. 2d 504, 512, 662 N.E.2d 1238, 1242 (1996); *Vincent v. Williams*, 279 Ill. App. 3d 1, 3-4, 664 N.E.2d 650, 652 (1996). The first element is also referred to as "legal causation." See, *e.g.*, *Geisberger v. Vella*, 62 Ill. App. 3d 941, 943, 379 N.E.2d 947, 948 (1978).

The relevant portion of Allen's first amended two-count complaint indicates the following. Allen, Berger, Wolf, and another individual were equal partners in an Illinois industrial supply company called Dart. William Fletcher was the head of the Chicago Housing Authority's office of purchasing and contracts. Berger bragged to Allen that the housing agency was awarding supply contracts to Dart without soliciting or taking competitive bids because Berger and Wolf were bribing Fletcher and Fletcher's aide. Berger and Wolf were also preparing fake competitive bids which Fletcher and the aide used to make it appear the contracts were properly awarded.

Further, after Allen informed the Federal Bureau of Investigation (FBI) about Berger and Wolf's activities, the FBI and United States Attorney for the Northern District of Illinois (U.S. Attorney) began investigating Dart. Allen cooperated with the investigation by giving various statements, including reports about conversations he was having with Berger. The FBI and U.S. Attorney assured Allen, repeatedly, that he was not being investigated.

When Berger began to suspect that Dart was under investigation, he threatened to implicate Allen. Berger and Wolf then "acted in concert" to knowingly make false statements to the FBI and/or U.S. Attorney. They implicated Allen as the "mastermind and kingpin of

their scheme." After the U.S. Attorney read Berger's false accusations to the grand jury and Wolf gave false testimony before the grand jury, Allen was indicted.

■ In Illinois, malicious prosecution actions are disfavored. *Rodgers*, 315 Ill. App. 3d at 345, 733 N.E.2d at 840; *Joiner v. Benton Community Bank*, 82 Ill. 2d 40, 44, 411 N.E.2d 229, 231 (1980). Public policy encourages the exposure of crimes and citizen cooperation, and these interests are furthered by narrowly circumscribing the instances in which malicious prosecution actions may be brought. *Joiner*, 82 Ill. 2d at 44-45, 411 N.E.2d at 231. Citizens acting in good faith who have probable cause to believe that crimes have been committed should not be deterred from reporting them out of fear of unfounded suits by those they have accused. *Joiner*, 82 Ill. 2d at 45, 411 N.E.2d at 231.

Consequently, a person who unwittingly gives a prosecuting officer false information of another person's alleged crime is not liable for malicious prosecution, unless the person takes an active part in instituting criminal proceedings, by requesting, directing, or pressuring the prosecuting officer into instituting the proceedings. See generally *Geisberger*, 62 Ill. App. 3d at 943, 379 N.E.2d at 949; *Pratt v. Kilborn Motors, Inc.*, 48 Ill. App. 3d 932, 935, 363 N.E.2d 452, 454-55 (1977); Restatement (Second) Torts, § 653 (1977); W. Keeton, Prosser & Keeton on Torts § 119 (5th ed. 1984).

However, when a person makes a knowingly false report to a prosecuting officer, the resulting prosecution is attributable to that person. *Rodgers*, 315 Ill. App. 3d at 346, 733 N.E.2d at 840; *Randall v. Lemke*, 311 Ill. App. 3d 848, 850, 726 N.E.2d 183, 185 (2000); *Geisberger*, 62 Ill. App. 3d at 943, 379 N.E.2d at 949; *Pratt*, 48 Ill. App. 3d at 935, 363 N.E.2d at 454-55. This line of cases clearly indicates that when a person knowingly subjects another to unwarranted criminal prosecution, he or she may be held accountable for the damages that result.

The most recent case, *Rodgers*, 315 Ill. App. 3d 340, 733 N.E.2d 835, is helpful, since it also involved allegations that knowingly false accusations were made to a prosecutor and grand jury. In *Rodgers*, it was alleged that an employer asked a private investigating firm to fabricate a crime involving one of its long-term managers, in order to justify terminating his employment. *Rodgers*, 315 Ill. App. 3d at 344, 733 N.E.2d at 839. The private investigators complied by manufacturing false evidence and testimony indicating the manager was involved in narcotics trafficking. *Rodgers*, 315 Ill. App. 3d at 344, 733 N.E.2d at 839. The false information was reported to the office of the Cook County State's Attorney and to a grand jury that indicted the employee on two counts of delivery of a controlled substance. *Rodgers*, 315 Ill.

App. 3d at 344, 733 N.E.2d at 839. The employer then recorded the false information in the manager's personnel file and terminated his employment. *Rodgers*, 315 Ill. App. 3d at 344, 733 N.E.2d at 839. However, after the manager was found not guilty of all charges (*Rodgers*, 315 Ill. App. 3d at 345, 733 N.E.2d at 839), he filed a multicount suit against his former employer, the investigation firm, and the investigators, which included allegations of malicious prosecution (*Rodgers*, 315 Ill. App. 3d at 343, 733 N.E.2d at 838). The court noted the allegations indicated the defendants lacked honest suspicions and were not acting in good faith when they knowingly provided false information to the State's Attorney's office and to the grand jury, which resulted in the indictment. *Rodgers*, 315 Ill. App. 3d at 346, 733 N.E.2d at 840. Accordingly, the court found that the former manager had sufficiently alleged that the defendants caused the commencement of the criminal proceedings against him. *Rodgers*, 315 Ill. App. 3d at 346-47, 733 N.E.2d at 841.

Allen does not cite *Rodgers*, a relatively recent case, in his opening brief but, rather, relies on earlier decisions, including *Randall*, 311 Ill. App. 3d 848, 726 N.E.2d 183, and *Pratt*, 48 Ill. App. 3d 932, 363 N.E.2d 452, and the Restatement (Second) of Torts, section 653, Comment *g*. Berger and Wolf contend that these authorities are distinguishable, because they did not involve the use of a grand jury. In fact, *Randall*, 311 Ill. App. 3d 848, 726 N.E.2d 183, and *Pratt*, 48 Ill. App. 3d 932, 363 N.E.2d 452, did not involve grand juries. However, these cases adopted the reasoning contained in the Restatement (Second) of Torts, section 653, Comment *g*, and the examples provided there do not distinguish between prosecutions where the prosecutor files an information or, as in Allen's situation, where a prosecutor presents evidence and testimony to a grand jury. Restatement (Second) of Torts, § 653, Comment *g*, Illustrations 2, 3, 4, 5 (1977). Therefore, we reject Berger and Wolf's argument that because the grand jury was the vehicle used to charge Allen, the authority Allen relies upon is not controlling.

■ Having reviewed the complaint at issue, we conclude that Allen sufficiently alleged that Berger and Wolf's knowingly false accusations were the cause of Allen's prosecution for bribery and bid rigging. Although Allen's contact with the federal authorities prompted an investigation into the supply company the men co-owned, only two of the four co-owners, the ones that Allen implicated in the bribery and bid-rigging activities, were subjected to scrutiny. Allen did not implicate himself or the fourth partner, and Allen was repeatedly assured that he was not a target of the resulting investigation into Berger and Wolf's illegal efforts to obtain supply contracts with the

Chicago Housing Authority. Allen came under investigation only after Berger and Wolf gave intentionally false statements indicating Allen was the instigator and a willing collaborator in the scheme. Although Allen was the first to speak with the authorities, Berger and Wolf were the first to knowingly make false accusations about Allen's involvement in the illegal acts.

We cannot conclude that once Berger and Wolf came under criminal investigation, they could freely subject their accuser, or any other person for that matter, to unwarranted criminal prosecution by knowingly making false accusations about that person's complicity in the crimes under investigation. The fact that there was an ongoing investigation into Berger and Wolf's activities would not warrant shielding them from liability for the results of their alleged intentional fabrications about Allen's collaboration in the same activities.

Taking the allegations of the complaint as true, and drawing all reasonable inferences from those facts in Allen's favor (*Rodgers*, 315 Ill. App. 3d at 345, 733 N.E.2d at 840), we find that Allen sufficiently pled that Berger and Wolf's knowingly false statements to the prosecuting attorney set the prosecution in motion and, therefore, caused Allen's indictment. *Rodgers*, 315 Ill. App. 3d at 346, 733 N.E.2d at 840; *Randall*, 311 Ill. App. 3d at 850, 726 N.E.2d at 185; *Geisberger*, 62 Ill. App. 3d at 943, 379 N.E.2d at 949; *Pratt*, 48 Ill. App. 3d at 935, 363 N.E.2d at 454-55. See also Restatement (Second) of Torts § 653, Comment *g* (1977); W. Keeton, Prosser & Keeton on Torts § 119 (5th ed. 1984).

Accordingly, we also find that the trial court erred in granting Berger and Wolf's motion to dismiss with prejudice.

Berger and Wolf further argue, however, that Allen failed to allege the criminal proceedings were terminated in a manner indicative of Allen's innocence. Favorable termination is one of the necessary elements of a malicious prosecution action. See *Swick*, 169 Ill. 2d at 512, 662 N.E.2d at 1242. Berger and Wolf raised the issue of favorable termination in a motion for summary judgment, which was fully briefed in the trial court and scheduled for hearing. After granting Berger and Wolf's motion to dismiss, the trial judge did not rule on the motion for summary judgment. Nevertheless, Berger and Wolf raise the argument here, because we may affirm on any basis appearing in the record. *Weedon v. Pfizer, Inc.*, 332 Ill. App. 3d 17, 31, 773 N.E.2d 720, 732 (2002). Allen responds that he sufficiently alleged a favorable termination.

In *Swick*, the supreme court stated:

"[A voluntary dismissal] is not indicative of the innocence of the accused when [it] is the result of an agreement or compromise with

the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, *** or the impossibility or impracticability of bringing the accused to trial." *Swick*, 169 Ill. 2d at 513, 662 N.E.2d at 1243.

Additionally, "[t]he circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution. [Citation.] Otherwise, every time criminal charges are [voluntarily dismissed] a civil malicious prosecution action could result." *Swick*, 169 Ill. 2d at 513-14, 662 N.E.2d at 1243.

Furthermore, the plaintiff bears the burden of proving a favorable termination and meets this burden only when he establishes that the voluntary dismissal was entered for reasons consistent with his innocence. *Swick*, 169 Ill. 2d at 513, 662 N.E.2d at 1243.

Accordingly, we read *Swick* to mean that Allen was required to plead that the circumstances surrounding the abandonment of the criminal proceedings would compel an inference that a lack of reasonable grounds led to the dismissal of the criminal proceedings. Allen did not allege any of the circumstances that led to the dismissal of the criminal proceedings.

Allen's allegations were the following: (1) that the U.S. Attorney voluntarily dismissed the indictment as to Allen on June 20, 1997, and (2) that the criminal prosecution was "terminated in his favor." Under our reading of *Swick*, this would not be enough to plead or prove that the prosecution was terminated in Allen's favor.

We have also reviewed a transcript of the June 20, 1997, proceedings and a copy of a "notice" from the clerk of the United States District Court for the Northern District of Illinois informing Allen's criminal defense attorney about the entry of the dismissal order. However, neither the transcript nor the notice discloses why the prosecuting attorney chose to voluntarily dismiss the criminal proceedings in June of 1997. Thus, it is unclear whether the criminal proceedings were in fact terminated in Allen's favor, as Allen concluded in his complaint.

Nevertheless, because a cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the plaintiff to recover (*Rodgers*, 315 Ill. App. 3d at 345, 733 N.E.2d at 840), Allen should be given an opportunity to allege the circumstances surrounding the voluntary dismissal under the guidelines announced in *Swick*, 169 Ill. 2d at 513-14, 662 N.E.2d at 1242-43.

Based on the proceeding analysis, we reverse the trial court's order granting Berger and Wolf's motion to dismiss with prejudice and

remand this cause for further proceedings. On remand, Allen should be given an opportunity to replead in order to disclose the circumstances surrounding the voluntary dismissal. If Allen cannot plead facts that compel an inference that a lack of reasonable grounds to proceed led to the voluntary dismissal, his action should be dismissed. See *Swick*, 169 Ill. 2d at 513-14, 662 N.E.2d at 1242-43.

The order of the circuit court is reversed and remanded for further proceedings consistent with this opinion.

Reversed.

CAHILL and BURKE, JJ., concur.