No. 3--09--0718

_____
Filed August 4, 2010
IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| HEATHER D. BANKS, | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Rock Island County, Illinois, |
| | ) | |
| | ) | |
| v. | ) | No. 08--L--081 |
| | ) | |
| RIBCO, INC., d/b/a Rock Island | ) | |
| Brewing Company and 2nd Avenue, | ) | Honorable |
| | ) | Mark A. VandeWiele, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:
_____

The plaintiff, Heather D. Banks, brought an action against the defendant, RIBCO, Inc., d/b/a Rock Island Brewing Company and 2nd Avenue, under the Iowa Dramshop Act (Iowa Code §123.92 et seq. (2005)), in Rock Island County, Illinois. The plaintiff asserted that Iowa substantive law applied to the action, and the defendant filed a motion to dismiss, asserting that Illinois law applied. The circuit court denied the defendant's motion to dismiss. The defendant filed an interlocutory appeal, which was allowed. We reverse.

FACTS

The action was ruled upon the pleadings, so the facts are drawn from the allegations in those instruments. The plaintiff was a resident of Iowa. During the early morning hours of June 17, 2007, the defendant's agents, representatives, or employees sold intoxicating liquors or beer to Brett Housley at a tavern known as Rock Island Brewing Company, located in Rock Island, Illinois. The defendant was the operator of the Rock Island Brewing Company[1] and an Illinois corporation doing business in Rock Island, Illinois. The defendant was also licensed by the Illinois Liquor Control Commission. Shortly after Housley's exit from the tavern, while still in Illinois, he and his acquaintances got into a disagreement with the group that was accompanying the plaintiff. The altercation continued into Iowa and culminated in the parking lot of the Davenport Ground Transportation Center in Davenport, Iowa. Housley exited his vehicle with a golf club and approached the vehicle in which the plaintiff was a passenger. Housley hit the vehicle's rear windshield and injured the plaintiff.

The defendant filed a motion to dismiss pursuant to sections 2--619 and 2--615 of the Code of Civil Procedure (735 ILCS 5/2--619, 2--615 (West 2006)), arguing that Iowa substantive law did not apply to the action and the petition was insufficient in law.

_____

[1] A portion of the leased premises may have been referred to as 2nd Avenue.

The defendant's motion to dismiss and its motion to reconsider were denied. This court allowed the defendant's application for leave to appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).

ANALYSIS

The defendant raises two challenges on interlocutory appeal. First, the defendant argues that the trial court erred in denying its motions to dismiss and for reconsideration because Iowa law should not apply under conflict-of-law principles. Second, the defendant argues that applying Iowa law violated the commerce clause of the United States Constitution. Since we find the first issue dispositive, it is not necessary to reach the commerce clause issue.

Review of the trial court's choice-of-law determination, which is based upon the parties' pleadings, is de novo. Townsend v. Sears, Roebuck & Co., 227 Ill. 2d 147, 879 N.E.2d 893 (2007). When a conflict of law is identified, the forum court applies the choice-of-law rules of its own state. Townsend, 227 Ill. 2d 147, 879 N.E.2d 893. However, a choice-of-law determination is only necessary when "a difference in law will make a difference in the outcome." Townsend, 227 Ill. 2d at 155, 879 N.E.2d at 898.

Since the case at bar involves an Iowa resident injured in Iowa by an intoxicated patron, and an Illinois tavern keeper, which served alcoholic beverages in Illinois under its Illinois

3

liquor license, it is clear that both Illinois and Iowa have an interest in the application of their respective laws. We note that these interests conflict.

The parties have identified a few critical differences between the Illinois and the Iowa dramshop laws. First, the Illinois statute only confers a right of action on persons injured in Illinois (235 ILCS 5/6--21 (West 2006)), while the Iowa dramshop statute does not appear to have such a limitation. See Iowa Code §123.92 (2005); Bankord v. DeRock, 423 F. Supp. 602 (N.D. Iowa 1976). Both, however, apply to injuries in their respective states even when an out-of-state liquor licensee is involved. See Dunaway v. Fellous, 155 Ill. 2d 93, 610 N.E.2d 1245 (1993); Iowa Code §123.92 (2005). Second, the Illinois statute expressly caps damages, while the Iowa statute does not. Third, the Iowa statute imposes liability upon a liquor licensee only when he "knew or should have known" that the patron was or would become intoxicated. Iowa Code §123.92 (2005). The Illinois statute does not require that element of proof. Charles v. Seigfried, 165 Ill. 2d 482, 651 N.E.2d 154 (1995). Thus, the plaintiff has no cause of action in the Illinois courts if Illinois law is applied and her injury is found to have occurred in Iowa. If Iowa law is applied, the plaintiff has a cause of action under the statute, if she can prove the knowledge element.

Since a real conflict has been identified, it is necessary

4

to apply Illinois choice-of-law rules to determine whether Illinois or Iowa law applies to this action. Traditionally, the rule was simple--the law of the place of the wrong (lex loci delicti) was the law to be applied to tort actions. Townsend, 227 Ill. 2d 147, 879 N.E.2d 893. Many courts, however, including Illinois, have abandoned that approach because it ignores the interest that other jurisdictions may have in the resolution of an issue. Ingersoll v. Klein, 46 Ill. 2d 42, 262 N.E.2d 593 (1970). Thus, Illinois courts have adopted the approach of the Second Restatement of Conflict of Laws (Restatement (Second) of Conflict of Laws §146 (1971)) (hereinafter Second Restatement) in making a choice-of-law determination. Under the Second Restatement approach, the objective is to apply the law of the state with the most significant relationship to the dispute and the parties, as defined by the issues raised. Barbara's Sales, Inc. v. Intel Corp., 227 Ill. 2d 45, 879 N.E.2d 910 (2007). In determining the state with the most significant relationship, the Second Restatement identifies a two-step process whereby the court first chooses the presumptively applicable law and then tests that presumption against general choice-of-law principles. Townsend, 227 Ill. 2d 147, 879 N.E.2d 893.

I. Presumptively Applicable Law

A determination of the presumptively applicable law begins with an examination of the type of action, in this case, a

5

dramshop action. Dramshop actions in Illinois are <u>sui</u> <u>generis</u> and exclusive. <u>Seigfried</u>, 165 Ill. 2d 482, 651 N.E.2d 154. Under the common law, there was no liability for injuries arising out of the sale or gift of alcoholic beverages. <u>Seigfried</u>, 165 Ill. 2d 482, 651 N.E.2d 154. Under section 6--21 of the Illinois Liquor Control Act of 1934, commonly known as the Dramshop Act, though, liability can be established by an injured party against a seller or giver of alcoholic beverages. 235 ILCS 5/6--21 (West 2006). Similarly, the Iowa Dramshop Act created liability where none existed at common law. <u>Horak v. Argosy Gaming Co.</u>, 648 N.W.2d 137 (Iowa 2002); Iowa Code §123.92 (2005). While a dramshop action is not a tort action (see <u>Hopkins v. Powers</u>, 113 Ill. 2d 206, 497 N.E.2d 757 (1986)), a personal injury is involved and the tort provisions of the Second Restatement are the most analogous. Thus, the presumption is that the place of the injury has the more significant relationship to the occurrence and the parties. <u>Townsend</u>, 227 Ill. 2d 147, 879 N.E.2d 893; Restatement (Second) of Conflict of Laws §146 (1971)[2].

_____

[2]Section 146 of the Second Restatement provides:

"In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant

The parties disagree as to the place of the injury. The plaintiff contends that the injury occurred when she was hit with the golf club in Iowa. The defendant contends that the injury occurred when it served the alcoholic beverages to Housley in Illinois. We find that the personal injury occurred in Iowa, and Iowa law presumptively applies. That said, due to the unique character of the dramshop action, we also find that the presumption is rather weak. The defendant's conduct occurred where it is located, in Illinois. Housley and the plaintiff were the mobile parties, and Housley's intentional act that injured the plaintiff easily could have occurred closer to the defendant's immobile tavern in Illinois.

## II. Testing the Presumption

We test the presumption in favor of Iowa law against the guiding principles of section 6 of the Second Restatement (Restatement (Second) of Conflict of Laws §6 (1971)) to determine if Illinois has a more significant relationship to the occurrence or the parties. The principles of section 6(2) of the Second Restatement are:

relationship under the principles stated in §6 [(Restatement (Second) of Conflict of Laws §6 (1971))] to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second) of Conflict of Laws §146, at 430 (1971).

7

"(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied." Restatement (Second) of Conflict of Laws §6(2) (1971).

These principles identify the various concerns that courts should consider and are not listed in any order of priority. Townsend, 227 Ill. 2d 147, 879 N.E.2d 893. When determining the state with the most significant relationship, courts consider these principles in light of the specific factual contacts or connecting factors as suggested in the general provision of section 145(2) of the Second Restatement:

"(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

8

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws §145(2), at 414 (1971).

### A. Factual Contacts

The first contact is the place where the injury occurred, and we have already found that the personal injury occurred in Iowa. However, we give little weight to this contact because it seems to be little more than happenstance that the injury occurred in the parking lot in Iowa rather than a parking lot in Illinois. See Schulze v. Illinois Highway Transportation Co., 97 Ill. App. 3d 508, 423 N.E.2d 278 (1981).

The second contact is where the conduct causing the injury occurred. "A court's consideration of injury-causing conduct in a section 145 [(Restatement (Second) of Conflict of Laws §145 (1971))] analysis includes all conduct from any source contributing to the injury." Townsend, 227 Ill. 2d at 169, 879 N.E.2d at 906. Housley swung the golf club that injured the plaintiff in Iowa. However, the alleged conduct by the defendant occurred in Illinois. The defendant's tavern was located in Illinois, and Housley was served and drank alcohol in Illinois. Also, the attorneys for both parties were in agreement at oral argument that the altercation started while Housley and the

9

plaintiff were still in Illinois. We find that this contact favors Illinois.

The third contact is the domicile, residence, place of incorporation or place of business of the parties. Here, the plaintiff was a resident of Iowa, and the defendant was incorporated in Illinois. The defendant also had its principal place of business in Illinois. We find this contact to be fairly well balanced between the two states.

The fourth contact is the place where the relationship, if any, between the parties was centered. It is not clear whether there was any relationship between the plaintiff and the defendant. To the extent there was one, it would have been centered in the defendant's tavern in Illinois.

In sum, the contacts in section 145 (Restatement (Second) of Conflict of Laws §145 (1971)) appear to slightly favor Illinois. However, they are not to be tallied and considered in a vacuum. The overriding purpose of the choice-of-law process is to apply the law of the state with the most significant relationship to the issue. To that end, we must consider the contacts in light of the policy considerations delineated by section 6 of the Second Restatement (Restatement (Second) of Conflict of Laws §6 (1971)). Townsend, 227 Ill. 2d 147, 879 N.E.2d 893.

B. Policy Considerations

10

The first relevant policy consideration is the needs of the interstate system. In determining those, it is important to note that this principle is concerned with commercial interactions and making interstate and international systems work together. Barbara's Sales, Inc., 227 Ill. 2d 45, 879 N.E.2d 910. This factor "is only minimally implicated in personal injury actions." Townsend, 227 Ill. 2d at 170, 879 N.E.2d at 906. Although this action also involves the sale of alcohol that preceded the personal injury, we fail to see how it has any impact on commercial interactions between Illinois and Iowa.

The second consideration is the relevant policies of the forums. As for these policies, both legislatures have created dramshop laws. Both have legislated that their respective acts apply to out-of-state sellers. The Illinois statute is more penal in nature; it places a limited responsibility for damages caused by intoxication on those who profit from the sale of alcohol. Walter v. Carriage House Hotels, Ltd., 164 Ill. 2d 80, 646 N.E.2d 599 (1995). The Iowa statute, on the other hand, is remedial and compensatory. Slager v. HWA Corp., 435 N.W.2d 349 (Iowa 1989). Both states, obviously, have an interest in providing compensation for its citizens for personal injuries. However, "'tort rules which limit liability are entitled to the same consideration when determining choice-of-law issues as rules that impose liability.'" Townsend, 227 Ill. 2d at 171, 879

11

N.E.2d at 907, quoting <u>Malena v. Marriott International, Inc.</u>, 264 Neb. 759, 769, 651 N.W.2d 850, 858 (2002).  Thus, Illinois has a strong policy interest in the application of Illinois law, with its liability limitations and territorial application, to its own licensed liquor sellers.

At common law in Illinois and Iowa, there was no cause of action against a provider of alcoholic beverages for injuries arising from the sale of those beverages.  <u>Seigfried</u>, 165 Ill. 2d 482, 651 N.E.2d 154; <u>Horak</u>, 648 N.W.2d 137.  So, when considering the basic policies underlying this field of law, it must be remembered that both states' dramshop statutes are in derogation of common law.  Each legislature crafted a cause of action that balanced the evils of alcohol consumption against the liability of those who provide the alcohol.

The next relevant consideration is the protection of justified expectations.  Keeping the two statutory schemes in mind, the defendant is an Illinois corporation, licensed to sell liquor under Illinois law.  It is justified in relying on the Illinois Dramshop Act, which limits its liability and specifies that it only applies to injuries that occur in Illinois. Applying the Iowa Dramshop Act to the defendant would expose it to unexpected liability, both in terms of monetary liability and potential injured parties.  To allow the application of the Iowa Dramshop Act in this case to the sale of alcohol by an Illinois

12

corporation in its Illinois tavern would contravene the purpose of the Illinois Dramshop Act and allow extraterritorial dramshop liability.

The last relevant consideration is the ease of application of the law to be applied.  In this regard, it is axiomatic that the use by a forum of its own laws would not be more difficult than applying another forum's laws.

The critical element in this case is the sale of alcohol, which is the defendant's alleged wrongful conduct potentially leading to liability.  Considering all of the above, we have come to the conclusion that the state where the conduct occurred, rather than the state where the injury occurred, is the state with the most significant relationship.  Although the plaintiff's personal injury occurred in Iowa, the wrongdoing upon which liability is premised against the defendant took place in Illinois.  Due to the unique nature of dramshop actions, and the Illinois legislature's specific instructions in the area, we conclude that the presumption in favor of Iowa law has been rebutted and that, under choice-of-law rules, Illinois law is applicable to this action.  Thus, we reverse the trial court's denial of the defendant's motion to dismiss and dismiss the complaint.

CONCLUSION

The decision of the circuit court of Rock Island County is reversed.  The complaint is dismissed.

Reversed.

SCHMIDT and O'BRIEN, JJ., concur.