# Illinois Official Reports

## Appellate Court

---

### *Szczesniak v. CJC Auto Parts, Inc.*, 2014 IL App (2d) 130636

---

| | |
|---|---|
| Appellate Court Caption | DONALD SZCZESNIAK, Plaintiff-Appellant, v. CJC AUTO PARTS, INC., and GREGORY VERZAL, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-13-0636 |
| Filed | October 29, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for malicious prosecution arising from plaintiff's acquittal in a criminal prosecution for using checks which were returned for insufficient funds to pay for automobile parts he purchased at defendant's store, the trial court properly entered summary judgment for defendants, since the criminal prosecution was not commenced or continued by defendants, but by two police officers who conducted an independent investigation based on information provided by defendant owner, and, in the absence of any evidence that the police acted without probable cause or any purpose other than seeking justice, plaintiff failed to show any malice was involved. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 11-L-1258; the Hon. John T. Elsner, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

William G. Hutul, of William G. Hutul, P.C., of Carol Stream, for appellant.

Douglas J. Esp and Laura M. Maul, both of Esp Kreuzer Cores LLP, of Wheaton, for appellees.

Panel

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices Zenoff and Jorgensen concurred in the judgment and opinion.


**OPINION**

¶ 1     This case arose after plaintiff, Donald Szczesniak, was tried for knowingly passing to defendant CJC Auto Parts, Inc. (CJC), checks for which there were insufficient funds (720 ILCS 5/17-1(B)(d) (West 2008)). At a bench trial, plaintiff was acquitted. Plaintiff then filed against CJC and its owner/operator, defendant Gregory Verzal, a malicious-prosecution action, which resulted in the entry of summary judgment in favor of defendants and against plaintiff. Plaintiff appeals, contending that the trial court erred in granting summary judgment, because Verzal knowingly filed a false police report. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     We summarize the facts of record. Verzal owns CJC, an automobile parts store, and regularly conducted business with plaintiff between 2003 and 2008. In July 2008, plaintiff provided defendants with two postdated checks (claiming that this was in accord with his and defendants' custom), one for $330.84 and another for $717.01, drawn from different accounts. When defendants attempted to cash the checks (after the date specified by plaintiff), both checks were returned for insufficient funds. Plaintiff did not inform defendants that the accounts had insufficient funds until seven days after defendants attempted to cash the checks. Plaintiff later issued a third check (for $100 from a third account) in November 2008. This check was also returned for insufficient funds. In addition to the $1,147.85 that plaintiff owed for the returned checks, he also had a running credit account with defendants for other purchases.

¶ 4     Plaintiff made payments to defendants for the credit account; however, he did not make payments on the debt from the returned checks. After plaintiff stopped making payments and would not return defendants' calls, Verzal went to the police. The police called plaintiff, who insisted that he was making payments toward the debt from the returned checks, pursuant to a payment plan. Plaintiff later admitted that no payment plan was actually in place. After a roughly six-month independent investigation, the State charged plaintiff with knowingly writing checks for which there were insufficient funds. See 720 ILCS 5/17-1(B)(d) (West

2008). In a 2011 bench trial, following the close of the State's case-in-chief, the trial court entered a directed finding of acquittal.

¶ 5    Thereafter, plaintiff filed a civil suit against defendants, asserting one count of malicious prosecution. Subsequently, the trial court granted summary judgment in favor of defendants and against plaintiff, reasoning that plaintiff had failed to show both that defendants had commenced the criminal proceeding and that there was an absence of probable cause to prosecute plaintiff. Plaintiff timely appeals.

¶ 6                                II. ANALYSIS

¶ 7    On appeal, plaintiff contends that the trial court erred in granting summary judgment in favor of defendants. Specifically, plaintiff argues that summary judgment was precluded because genuine issues of material fact exist regarding the essential elements of the tort of malicious prosecution.

¶ 8    Before addressing the merits of the appeal, we first choose to discuss plaintiff's brief and its multiple violations of Illinois Supreme Court Rule 341 (eff. Feb. 6, 2013). Rule 341(h)(6) requires the appellant to include a "Statement of Facts" outlining the pertinent facts "accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Feb. 6, 2013). Plaintiff has violated this rule by providing inaccurate facts,[1] being argumentative,[2] and failing to provide citations to the record for numerous factual assertions. The Illinois Supreme Court Rules are not suggestions; they have the force of law and must be complied with. *People v. Campbell*, 224 Ill. 2d 80, 87 (2006). Where a brief has failed to comply with Rule 341(h)(6), we may strike the statement of facts or dismiss the appeal should the circumstances warrant. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 9. In this case, because plaintiff's violations do not hinder our review, we will neither strike his statement of facts nor dismiss the appeal (*McMackin v. Weberpal Roofing, Inc.*, 2011 IL App (2d) 100461, ¶ 3), but we will disregard the noncompliant portions of plaintiff's statement of facts. We also admonish counsel to follow carefully the requirements of the supreme court rules in future submissions. We now turn to whether the trial court properly granted summary judgment in favor of defendants and against plaintiff.

¶ 9    Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2012). In determining whether any genuine issue of material fact exists, the record and the arguments "must be construed strictly against the movant and liberally in favor of the opponent." *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 49. A genuine issue of material fact exists when the parties dispute a material fact or, where the material facts are not in dispute, reasonable persons could draw different inferences from the undisputed facts. *Id.* A party contesting summary judgment is required to provide some factual basis in support of every

---

[1]One example is the mischaracterization of Verzal's statement to the police. Plaintiff attempts to portray Verzal as having denied receiving payments for *any* of plaintiff's debts, but Verzal actually denied receiving payment only for the debt *from the returned checks*.

[2]*E.g.*, claiming that Verzal "lied" to the police and then further claiming that the lie was the primary factor behind the commencement of the criminal proceeding.

element of his or her claim. *Brooks v. Brennan*, 255 Ill. App. 3d 260, 262 (1994). Because summary judgment is a drastic method of terminating litigation, it should be granted only where the moving party's entitlement "is clear and free from doubt." *Mashal*, 2012 IL 112341, ¶ 49. A trial court's ruling on a motion for summary judgment is reviewed *de novo*. *Bridgeview Health Care Center, Ltd. v. State Farm Fire & Casualty Co.*, 2014 IL 116389, ¶ 12.

¶ 10    In order to establish a claim of malicious prosecution, a plaintiff must demonstrate: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages. *Gauger v. Hendle*, 2011 IL App (2d) 100316, ¶ 99. The failure to establish any one of the five elements will cause the malicious-prosecution claim to fail. *Id.* In granting summary judgment here, the trial court focused on elements (1) and (3) (commencement and probable cause) and held that plaintiff had provided no evidence in support of either element to demonstrate the existence of a genuine issue of material fact. Defendants argue that summary judgment was proper because plaintiff supplied no evidence to support elements (1), (3), and (4) (commencement, probable cause, and malice). We address each contested element in turn.

¶ 11    The first element of malicious prosecution requires a plaintiff to show that the defendant commenced or continued the original criminal proceeding. *Id.* Here, plaintiff contends that defendants commenced a criminal proceeding against him when they contacted the police about the returned checks and Verzal gave a statement to the police. A criminal proceeding is commenced when a complaint, an information, or an indictment is filed. 725 ILCS 5/111-1 (West 2012). A citizen must do more than give false information to the police in order to be deemed responsible for commencing a prosecution. *Randall v. Lemke*, 311 Ill. App. 3d 848, 850 (2000). A private citizen commences a criminal proceeding when he or she "*knowingly* gives false information to a police officer, who then swears out a complaint." (Emphasis in original.) *Id.* Even if an informer knowingly provides false information, he or she is not liable for "commencing" a criminal proceeding if the prosecution is based upon separate or independently developed information. *Id.* at 851. Alternatively, a plaintiff must supply evidence showing that the defendant continued the proceeding by actively encouraging the prosecution despite knowing that no probable cause existed. *Denton v. Allstate Insurance Co.*, 152 Ill. App. 3d 578, 584 (1986).

¶ 12    Plaintiff incorrectly claims that the record shows that defendants both commenced and continued the proceeding. To establish that defendants commenced the proceeding, plaintiff contends that Verzal "lied" to the police by stating that he had not received payments from plaintiff for the debt. However, a close reading of the record reveals that plaintiff has misrepresented the evidence to reach his conclusion. Plaintiff mischaracterizes as a "lie" Verzal's statement to the police about not receiving payments for the debt. This is demonstrated by noting that, in addition to owing defendants for the returned checks, plaintiff also owed defendants for items previously purchased on his credit account. The record shows that, when Verzal told the police that he had not received payment from plaintiff, he was speaking about the returned checks only. As plaintiff had made no payments on the returned checks, Verzal's statement was not a lie, but was a correct statement of fact and thus does not support plaintiff's conclusion that defendants commenced the criminal proceeding.

¶ 13        Nevertheless, even if Verzal had lied to the police, defendants would still not be liable for commencing the proceeding. After Verzal gave his statement to Officer Klecka, the officer contacted plaintiff and investigated the claim himself. Once Officer Klecka made his initial report, the case was transferred to Officer Thiede, who conducted another independent investigation. At the end of this six-month investigation, Officer Thiede determined that sufficient evidence existed to seek a warrant for plaintiff's arrest. Because the arrest was based on the investigation by Officer Thiede, whether Verzal lied in his statement to Officer Klecka is irrelevant because the arrest was based on separate and independent information developed by Officer Thiede. *Randall*, 311 Ill. App. 3d at 851. Thus, not only was Verzal's statement about plaintiff's failure to make payments true, it was superseded and rendered immaterial by the independent investigations of two different police officers who developed sufficient evidence to seek plaintiff's arrest and prosecution.

¶ 14        Plaintiff also asserts that defendants continued the proceeding, because Verzal failed to inform the police that the parties had a payment plan. We initially note that plaintiff has not directly supported his contention that failing to give information is the same as giving false information. For this reason alone, we could resolve the issue in favor of defendants. Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) (requiring supporting citation to pertinent authority); see also *Denton*, 152 Ill. App. 3d at 584 (liability for malicious prosecution cannot be predicated on the failure to act). We note, however, that plaintiff cites *Pratt v. Kilborn Motors, Inc.*, 48 Ill. App. 3d 932 (1977). Plaintiff's purpose in citing *Pratt* is to support a contention that probable cause could not be established where a police investigation relied on an informant's lies. *Id.* at 935-36 (citing Restatement of Torts, Explanatory Notes § 653 cmt. g, at 386 (1938)). This is a somewhat different point than equating the withholding of information to the giving of false information, but, in *dictum*, *Pratt* states that, where an informant has given a truthful account to the police, but has withheld crucial information that would otherwise influence or stop the prosecution, with the intent to paint a misleading picture and commence or continue the prosecution, "[s]trong argument can be made that for the complainant to give truthful information indicating the commission of the offense later charged and to withhold other information that would prevent the conduct complained of from being a crime would also negate the prosecutor's exercise of discretion [and render the complainant liable for commencing or continuing the prosecution]." *Id.* at 936. *Pratt*, however, is inapt, because plaintiff charges that it was Verzal's failure to inform the police about the existence of a payment plan that led to the continuance of the criminal investigation and presumably the prosecution. In plaintiff's deposition, he admitted that there was no payment plan. Thus, plaintiff is effectively arguing that the prosecution was continued because Verzal did not falsely inform the police that a payment plan existed. Plaintiff's own testimony, acknowledging that there was, in fact, no payment plan, dooms this line of argument to failure. Therefore, even if, as plaintiff argues, Officer Thiede would not have pursued charges had Verzal stated that CJC had received some payments and that a payment plan existed, such an argument is irrelevant, because the hypothetical situation that would have caused Officer Thiede to conclude his investigation without a prosecution did not actually exist. Plaintiff, then, cannot demonstrate the existence of a genuine issue of material fact where he has failed to present any evidence to support his arguments. Accordingly, the trial court properly determined that plaintiff could not show that defendants either commenced or continued the proceeding.

- 5 -

¶ 15    Because plaintiff has failed to show that defendants either commenced or continued the proceeding, plaintiff's claim fails from the lack of an essential element of the claim, and our analysis is complete. However, we continue to examine the remaining challenged elements to provide alternative reasons why plaintiff's claim fails. Accordingly, we turn to element (3), the absence of probable cause.

¶ 16    "In a malicious-prosecution case, probable cause is defined as 'a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged.' " (Emphasis omitted.) *Gauger*, 2011 IL App (2d) 100316, ¶ 112 (quoting *Fabiano v. City of Palos Hills*, 336 Ill. App. 3d 635, 642 (2002)). " 'It is the state of mind of the person commencing the prosecution that is at issue–not the actual facts of the case or the guilt or innocence of the accused.' " *Id.* (quoting *Sang Ken Kim v. City of Chicago*, 368 Ill. App. 3d 648, 654 (2006)). The relevant time for probable cause to have existed is when the criminal complaint was initiated. *Id.* ¶ 115. Whether probable cause existed is a mixed question of law and fact. *Fabiano*, 336 Ill. App. 3d at 642. It is a question of fact as to whether the alleged circumstances were present, while it is a question of law as to whether the circumstances present amounted to probable cause. *Id.*

¶ 17    Plaintiff argues that there was no probable cause to complain to the police about the returned checks, because defendants did not believe that plaintiff had the necessary intent to defraud when he drew the returned checks. This argument fails because it is not the beliefs of defendants that are examined. Instead, it is the " 'state of mind of the person commencing the prosecution.' " *Gauger*, 2011 IL App (2d) 100316, ¶ 112 (quoting *Sang Ken Kim*, 368 Ill. App. 3d at 654). As previously discussed, defendants did not commence the prosecution; Officer Thiede commenced the prosecution. Therefore, evidence of defendants' state of mind is irrelevant. As plaintiff has pointed to no evidence indicating that Officer Thiede lacked probable cause, he has not demonstrated the existence of a genuine issue of material fact, and summary judgment was properly granted as to this element of malicious prosecution.

¶ 18    Plaintiff alternatively argues that Verzal's deposition provides evidence that defendants knew that no probable cause existed. This argument is misplaced because, again, it focuses on defendants and not on Officer Thiede. Nevertheless, we address the argument on its own terms. Specifically, plaintiff cites Verzal's admission that he "understood that [plaintiff] was still trying to make good on accounts." Plaintiff's reliance on this statement is unavailing, because it does not indicate that defendants knew that plaintiff originally had no intent to defraud. Rather, the statement shows only that defendants were aware that plaintiff was attempting to make amends for acts that had financially injured defendants. Because Verzal's statement does not indicate that defendants believed that plaintiff had no intent to defraud when plaintiff wrote the checks, plaintiff has failed to demonstrate that the record shows an absence of probable cause. Accordingly, we hold that plaintiff has failed to demonstrate the existence of a genuine issue of material fact regarding the element of probable cause.

¶ 19    Finally, while not addressed by the trial court, we consider the parties' arguments regarding the element of malice. "Malice," in the context of a malicious-prosecution claim, is the commencement of a criminal proceeding for a purpose other than to bring a party to justice. *Gauger*, 2011 IL App (2d) 100316, ¶ 122; *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 349 (2000).

¶ 20    Plaintiff asserts that there is a genuine issue of material fact as to whether defendants acted with malice, pointing to Verzal's statement that he sought to have the State collect the debt through the criminal case. Malice, as explained, is the commencement of a proceeding under improper motives. *Gauger*, 2011 IL App (2d) 100316, ¶ 122. Verzal's statement seems to fall outside of proper motives and into an improper motive. See *Robinson v. Econ-O-Corporation, Inc.*, 62 Ill. App. 3d 958, 961-62 (1978) (malice means that the party is motivated by indirect and improper motives, which means any purpose other than bringing a guilty party to justice; the defendant signed a complaint on a returned check in order to collect a debt, and this was held to be "malice"). *Gauger* explains that "[m]alice may be inferred from a lack of probable cause only where there is no credible evidence that refutes that inference." *Gauger*, 2011 IL App (2d) 100316, ¶ 122. Plaintiff argues that *Gauger* is factually and procedurally inapposite, and we agree that *Gauger* is not analogous to the facts of this case, but it does give a complete and correct statement of the law of malicious prosecution, and this is the precise purpose for which we rely on it.

¶ 21    That said, *Gauger*'s point about the inference of malice from a lack of probable cause is both well established and somewhat overlooked by plaintiff. See *Denton*, 152 Ill. App. 3d at 587-88 (noting that lack of probable cause must be "clearly proved" in order to infer the element of malice). Plaintiff, of course, can argue that malice need not be inferred here, because Verzal's statement that he wanted to collect the debt expressly demonstrates his improper purpose and the existence of malice. Verzal's statement, however, is actually rebutted by his actions. If Verzal had wanted only to "collect the debt," he could have initiated a civil action on the returned checks rather than going to the police. Further, among the penalties plaintiff faced in the criminal prosecution was restitution of the amount of the returned checks. 730 ILCS 5/5-5-6 (West 2008). Verzal, who is not a legal expert, might have meant only that he expected a guilty verdict and the imposition of restitution when he stated that he complained to the police in order to collect the debt. Verzal's statement, then, appears ambiguous and suggests that there is at least a factual issue on the element of malice that might prevent the entry of summary judgment if all of the other elements were satisfactorily demonstrated. As elements (1) and (3) are clearly lacking, the determination that a factual issue exists regarding the imputation of malice to Verzal's actions is of no moment.

¶ 22    More importantly, and dispositive of the issue of malice, is the fact that plaintiff is focusing on the wrong actor. Defendants did not initiate the criminal proceeding, as explained above; it was Officer Thiede who signed the criminal complaint after a six-month independent investigation, and it is malice on the part of Officer Thiede that would be relevant. Thus, although *Denton*, which deals with the inference of malice, might not apply to Verzal's actions, it fully applies to Officer Thiede's actions, and malice may be inferred only through clear proof that there was no probable cause to prosecute when Officer Thiede signed the criminal complaint. *Denton*, 152 Ill. App. 3d at 587-88. As we have seen, however, plaintiff presented no evidence that Officer Thiede lacked probable cause when he signed the complaint, so plaintiff likewise could not establish the inference of malice in Officer Thiede's actions. Accordingly, we hold that plaintiff failed to establish malice, because defendants did not commence the criminal prosecution and plaintiff did not present any evidence that Officer Thiede acted without probable cause and with any purpose other

than to bring a guilty party to justice. As to the element of malice, the trial court properly granted summary judgment in favor of defendants.

¶ 23                              III. CONCLUSION

¶ 24        For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 25        Affirmed.