2020 IL App (1st) 180656-U
No. 1-18-0656
December 31, 2020

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SEBASTIAN AGRUSA, | ) | Appeal from the Circuit Court Of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | No. 15 L 63077 |
| v. | ) | |
| | ) | The Honorable |
| L'OREAL USA PRODUCTS, INC., | ) | Kathy M. Flanagan, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE WALKER delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

¶ 1        *Held*:   Trial Court did not err when it dismissed plaintiff's claim for malicious prosecution where plaintiff failed to allege facts to state all elements of the claim.

¶ 2        Plaintiff Sebastian J. Agrusa filed an eight-count Fourth Amended Complaint against various fashion and beauty companies, including defendant L'Oréal USA Products, Inc. ("L'Oréal"), sounding in malicious prosecution and intentional infliction of emotional distress.

The intentional infliction of emotional distress claim was dismissed by the trial court and is not the subject of this appeal. The trial court dismissed the plaintiff's claims sounding in malicious prosecution with prejudice pursuant to 735 ILCS 5/2-615 ("2-615") for failing to state a claim. Plaintiff now appeals a portion of the trial court's order claiming the trial court erred in granting L'Oréal's 2-615 motion to dismiss with respect to the malicious prosecution claim. For the following reasons, we affirm.

¶ 3                                  BACKGROUND

¶ 4        Plaintiff filed his initial complaint on or about October 27, 2015. Defendant L'Oréal was served and filed its timely appearance on September 21, 2016. However, by the time defendant appeared, plaintiff had amended his complaint, and defendant moved to join a joint motion to dismiss with numerous defendants Chanel, Burberry, Coach, and Coty. On October 21, 2016, defendant's motion to join the joint motion to dismiss was granted. However, plaintiff was granted leave to file a Second Amended Complaint before the joint motion to dismiss was heard.

¶ 5        Plaintiff filed his Second Amended Complaint on or about December 20, 2016. The Second Amended Complaint contained one count sounding in malicious prosecution against L'Oréal, Chanel, Burberry, Coach, and Coty. A round of motions to dismiss, pursuant to 735 ILCS 5/2-615 ("2-615"), were filed by the defendants. On April 14, 2017, the trial court dismissed the Second Amended Complaint, noting that the single count against multiple defendants violated rule 735 ILCS 5/2-603. The trial court stated, "the pleading is wholly conclusory and devoid of the specific, relevant facts necessary to state each element of the malicious prosecution claim." Additionally, the court noted, "[w]hile it may not be possible for the plaintiff to

properly state a cause of action against these defendants, the court will allow him one more opportunity to attempt to do so."

¶ 6     Plaintiff subsequently filed his Third Amended Complaint on May 3, 2017. The first count was again a single count of malicious prosecution against all defendants. The second and third counts claimed malicious prosecution and a new claim of intentional infliction of emotional distress against defendant L'Oréal. On May 24, 2017, defendant again filed a 2-615 motion to dismiss, arguing that plaintiff's complaint failed to adequately allege a lack of probable cause and malice. The trial court again granted the defendants' motions to dismiss, dismissing the first count sounding in malicious prosecution against all defendants with prejudice. In ruling on the malicious prosecution claims, the court stated the separate counts sounding in malicious prosecution against each defendant,

> "are also conclusory and devoid of the specific, relevant facts necessary to state each element of the malicious prosecution claims, especially with respect to the absence of probable cause and the presence of malice. It does not appear likely that the plaintiff will be able to properly state a cause of action against these defendants sounding in malicious prosecution, however, the Court will allow him a last and final opportunity to do so."

¶ 7     On August 30, 2017, plaintiff filed an eight-count Fourth Amended Complaint against the various companies, including defendant L'Oréal, sounding in malicious prosecution and intentional infliction of emotional distress. The intentional infliction of emotional distress claim was dismissed by the trial court and is not an issue on appeal.

¶ 8     Plaintiff's Fourth Amended Complaint alleges that on October 27, 2013, Greg Koleniak ("Koleniak") was an agent of defendant L'Oréal and represented to the Cook County Sheriff's

Police Department that plaintiff was engaged in selling counterfeit fragrances at the Maxwell Street Market. He further alleges that Koleniak "requested, directed, and pressured the officer to arrest plaintiff" and "Such actions by Koleniak amounted to advice and cooperation."

¶ 9    The Fourth Amended Complaint states that plaintiff was arrested on October 27, 2013 "at the instigation of the defendant's employee and wrongfully incarcerated." A criminal trial was then conducted "at the continued instigation of the defendant" on August 13, 2014.

¶ 10   The Fourth Amended Complaint then notes testimony elicited at the criminal trial, stating that the Investigating Cook County Sheriff testified:

> "he did not see plaintiff conduct any transaction, did not know who the booth plaintiff was allegedly selling perfume at was in fact licensed to, and did not himself determine that the products were perfumes/colognes bearing the counterfeit trademarks of the defendant – instead, he relied upon the defendant's Agent, Kolniak (sic), and his purported observations of purchase and his expert opinion as to the products in this regard."

¶ 11   On August 13, 2014, the criminal proceedings were terminated in favor of plaintiff as Plaintiff was found not guilty.

¶ 12   Plaintiff further alleges in the Fourth Amended Complaint that there was an absence of probable cause in the prosecution of the plaintiff:

> "There was an absence of probable cause in the prosecution of the plaintiff. The defendant and Kolniak (sic) not see (sic) plaintiff conduct any transaction, did not know who the booth plaintiff was allegedly selling perfume at was in fact licensed to, and did not determine or wrongfully determined that the products were perfumes/colognes bearing the counterfeit trademarks of the defendants. Due to

4

the above mistakes/errors, defendant and Kolniak (sic) were grossly negligent in swearing under oath, as complainant, that the plaintiff committed the offense of counterfeiting trademarks in that he knowingly possessed with the intent to sell perfumes/colognes bearing the counterfeit trademarks of the defendant with the intent that they would be sold for profit without the permission of the trademark owner to do so."

¶ 13    The Fourth Amended Complaint then alleges, "[d]efendant acted with malice in continuing prosecution through to trial."

¶ 14    Finally, plaintiff's Fourth Amended Complaint alleges that he suffered "neurological disorders and became sick, lame and disabled" and that he "will remain sick, lame and disabled for a long period of time." He also alleges that he began to experience "anxiety, depression, stress, slurred speech, lack of sleep, tension headaches, among other complaints" as a result of his criminal prosecution.

¶ 15    Defendants filed a 2-615 motion to dismiss the Fourth Amended Complaint. Plaintiff filed a reply arguing that he plead adequate facts to defeat the defendants' 2-615 motions.

¶ 16    The trial court again dismissed the plaintiff's claims sounding in malicious prosecution with prejudice, stating, "each of the counts sounding in malicious prosecution against defendants L'Oréal, Burberry, and Coach, remain conclusory and continue to be devoid of the specific, relevant facts necessary to state each element of the malicious prosecution claims, especially with respect to the absence of probable cause and the presence of malice."

¶ 17    On January 12, 2018, plaintiff filed a motion to reconsider and a proposed Fifth Amended Complaint which stated a single claim of malicious prosecution against defendant L'Oréal only. In denying the motion to reconsider, the trial court stated, "the plaintiff effectively

5

concedes that the prior pleading was factually insufficient, and instead maintains that there was an exhibit to that pleading that suggested a lack of probable cause. However, the plaintiff did not plead the necessary facts to allege probable cause or malice and there is no indication that said exhibit was referenced in the Fourth Amended Complaint provided with the motion[.]"

¶ 18     The court also addressed the proposed Fifth Amended Complaint, ruling that the proposed complaint still failed to allege sufficient facts to "allege that the defendant, through its agent, was not possessed of a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that plaintiff committed the offense charged, nor do the facts alleged evince gross negligence."

¶ 19     Plaintiff now appeals claiming that the trial court erred in granting L'Oréal's 2-615 motion to dismiss with respect to the malicious prosecution claim contained in plaintiff's Fourth Amended Complaint.

¶ 20                                        ANALYSIS

¶ 21     On appeal, plaintiff argues that the trial court erred in granting L'Oréal's 2-615 motion to dismiss with respect to the malicious prosecution claim contained in plaintiff's Fourth Amended Complaint because the compliant states a claim and sufficiently pleads the elements of malice and the absence of probable cause.

¶ 22     In determining the legal sufficiency of a complaint under section 2-615, all well-plead facts are taken as true and reasonable inferences from those facts are drawn in favor of the plaintiff. 735 ILCS 5/2-615 (West 2020); *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 490 (1996). It must then be determined whether the allegations in the complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Connick*, 174 Ill. 2d at 490. Since plaintiff chose to amend each previously

dismissed complaint, any error regarding their dismissal is waived, and we consider only the sufficiency of the fourth and final amended complaint. *See Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 155 (1983).

¶ 23     Illinois is a fact-pleading jurisdiction, and while the plaintiff is not required to set forth evidence in the complaint, the plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action, not merely conclusions. *See Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429-30 (2006). A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle a plaintiff to recover. *Vernon v. Schuster*, 179 Ill. 2d 338, 344 (1997). Our review of a trial court's decision on a section 2-615 motion to dismiss is de novo because the question of whether a complaint states a cause of action is one of law. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993).

¶ 24     Suits for malicious prosecution are not favored in Illinois. *Joiner v. Benton Community Bank*, 82 Ill. 2d 40, 44 (1980). Public policy favors the exposure of crime, and citizens' cooperation with knowledge thereof is essential to effective implementation of that policy. *Id.* Citizens acting in good faith who have probable cause to believe crimes have been committed should not be deterred from reporting them by the fear of unfounded suits by those they have accused. *Id.* at 44-45.

¶ 25     To establish a malicious prosecution action, plaintiff must allege facts showing: (1) the commencement or continuation of an original or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff, (3) the absence of probable cause for such proceeding, (4) the presence of malice on the part of the defendant, and (5) damages

resulting to the plaintiff. *Swick v. Liautaud*, 169 Ill. 2d 504, 512. The absence of any one element bars a plaintiff from pursuing the claim. *Id.*

¶ 26    The trial court granted defendants section 2-615 motion to dismiss, stating that each of plaintiff's claims sounding in malicious prosecution lacked the relevant facts necessary to state each element of the malicious prosecution claims, "especially with respect to absence of probable cause and the presence of malice." We agree.

¶ 27    In his Fourth Amended Complaint, plaintiff alleges that there was an absence of probable cause in the prosecution of the plaintiff:

> "There was an absence of probable cause in the prosecution of the plaintiff. The defendant and Kolniak (sic) not see (sic) plaintiff conduct any transaction, did not know who the booth plaintiff was allegedly selling perfume at was in fact licensed to, and did not determine or wrongfully determined that the products were perfumes/colognes bearing the counterfeit trademarks of the defendants. Due to the above mistakes/errors, defendant and Kolniak (sic) were grossly negligent in swearing under oath, as complainant, that the plaintiff committed the offense of counterfeiting trademarks in that he knowingly possessed with the intent to sell perfumes/colognes bearing the counterfeit trademarks of the defendant with the intent that they would be sold for profit without the permission of the trademark owner to do so."

¶ 28    These allegations do not adequately plead an absence of probable cause in the prosecution of the plaintiff. In a malicious prosecution case involving criminal proceedings, probable cause has been defined as a state of facts that would lead a person of ordinary caution and prudence

to believe or entertain an honest and strong suspicion that the person arrested committed the offense charged. *Howard v. Firmand*, 378 Ill. App. 3d 147, 149 (2007).

¶ 29    Here, plaintiff does not sufficiently allege facts that demonstrate Koleniak lacked a state of facts that would lead a person of ordinary caution and prudence to entertain an honest and strong suspicion. He also does not plead sufficient facts demonstrating why the alleged mistakes made by Koleniak were grossly negligent and not of good faith.

¶ 30    Plaintiff argues that he has sufficiently alleged facts demonstrating an absence of probable cause and relies on *Bianchi v. McQueen*, 2016 IL App (2d) 150646 in his opening brief. In *Bianchi*, the court held that for purposes of a section 2-615 motion to dismiss, the plaintiffs' complaint alleged sufficient facts to establish that defendants lacked probable cause for the indictment. *Id.* at P73. The plaintiffs alleged that defendants fabricated witnesses' statements and other evidence and that the grand jury's decision to indict plaintiffs was based solely upon the fabricated evidence and false testimony. *Id.* at P76. The court reasoned that the existence of probable cause is determined by looking at what the defendants knew when a criminal complaint was issued and not at an earlier time. *Id.* at P6. Thus, because the defendants used false evidence, manufactured witness statements, and concealed exculpatory information, they knew that the charges were not supported by probable cause. Plaintiff urges this court to apply similar reasoning and "[look] to what the defendants knew." However, defendant argues that *Bianchi* is distinguishable from this case because the conduct therein was intentional. We agree with the defendant.

¶ 31    In *Bianchi*, the defendants could not have had an honest belief that the plaintiff committed the crime because the plaintiff's indictment was based on fabricated evidence and testimony that defendant knew to be false. In the case *sub judice*, plaintiff does not allege facts

demonstrating that his indictment was based solely on information Koleniak knew or intended to be false when the criminal complaint was issued. Plaintiff alleges that Koleniak's mistakes/errors were grossly negligent but does not allege facts demonstrating that Koleniak lacked a state of facts that would lead a person of ordinary caution to entertain an honest and strong suspicion. Therefore, plaintiff has not sufficiently alleged facts demonstrating the absence of probable cause.

¶ 32      Plaintiff also argues that he has adequately alleged malice. Plaintiff's Fourth Amended Complaint states, "[d]efendants acted with malice in continuing the case through to trial." Plaintiff also argues that the absence of probable cause shows malice. In the context of a malicious prosecution claim, malice is the commencement of a criminal proceeding for a purpose other than to bring a party justice. *Szczesniak v. CJC Auto Parts, Inc.*, 2014 IL App (2d) 130636, P19. Here, plaintiff has not adequately alleged facts demonstrating the absence of probable cause or facts that demonstrate that his criminal proceedings were brought for a purpose other than to bring a party justice. Thus, plaintiff has not adequately alleged a lack of probable cause or the presence of malice in his Fourth Amended Complaint.

¶ 33      Therefore, we hold that the trial court did not err in granting defendant's section 2-615 motion to dismiss with respect to the malicious prosecution claim contained in plaintiff's Fourth Amended Complaint.

¶ 34                                    CONCLUSION

¶ 35      For the foregoing reasons, the section 2-615 motion to dismiss in favor of defendant is affirmed.

¶ 36      Affirmed.